**UNION OIL COMPANY OF CALIFORNIA and Marathon Oil Company, Appellants,**

v.

**STATE of Alaska, DEPARTMENT OF NATURAL RESOURCES, Appellee.**

**No. 2025.**

Supreme Court of Alaska.

Oct. 4, 1974.

D. A. Burr, Paul A. Williams, of Burr, Pease & Kurtz, Anchorage, for appellant.

John A. Reeder, Jr., Asst. Atty. Gen., Anchorage, Norman C. Gorsuch, Atty. Gen., Juneau, for appellee.

Before RABINOWITZ, C. J., and CONNOR, ERWIN, BOOCHEVER and FITZGERALD, JJ.

## OPINION

CONNOR, Justice.

This is an appeal from an administrative determination. The questions for review concern the procedure for administrative and judicial review of a decision by the Division of Lands, Department of Natural Resources, which denied a discovery well certification to the holders of an oil and gas lease.

Under a lease granted in 1962 appellants drilled a well known as Grayling No. 1–A Well. On October 24, 1965, a showing of hydrocarbons was encountered. Appellants established priority as to the date of discovery under applicable regulations. On November 15, 1965, they applied for a discovery royalty certification on Grayling No. 1–A Well.[1]

By a letter of January 21, 1966, the Alaska Oil and Gas Conservation Committee[2] transmitted its findings to the Director, Division of Lands, stating that there was insufficicnet subsurface information to determine whether the Grayling No. 1–A Well was on a geologic structure previously uncertified. By a letter of January 26, 1966, the Director denied appellants' application. On February 14, 1966, appellants filed a document entitled "Petition for Reconsideration and Interpretation" of the decision. No action was taken by the Director on this petition. Under our Administrative Procedure Act, the failure to take action on the petition within 30 days

1. Holders of oil and gas leases from the State of Alaska normally pay a royalty of 12½ percent of the value of oil and gas they extract. AS 38.05.180(a). But until 1967 a lease holder who drilled and made the first discovery of oil or gas in commercial quantities in a geologic structure could be rewarded by paying a discovery royalty of only five percent for the first ten years, after which the normal rate was applicable. By legislative amendments in 1967 and 1969 the discovery royalty system was curtailed and finally abolished. Section 2, Chapter 91, SLA 1967; Section 1, Chapter 65, SLA 1969.

2. The Alaska Oil and Gas Conservation Committee, established by regulations, acted as an advisor to the Director, Division of Lands, in adjudicating discovery royalty applications.

after the delivery or mailing of the decision to appellants would amount to a denial of the petition. AS 44.62.540(a).[3] Under the act, considered alone, the appellants would then have had an additional 30 days within which to seek judicial review of the Director's decision. AS 44.62.560(a)[4] They did not seek review within that time.

The central question in this appeal is whether the combination of further events and applicable law preserved appellants' rights to seek judicial review at some later time.

On October 31, 1968, the Commissioner, Department of Natural Resources, directed a written decision to appellants in which he granted appellants 60 days within which to supply supporting information and to schedule a hearing upon their petition for reconsideration. It is not clear from the record how Union's petition got to the Commissioner, since it was submitted to the Director. Nor is it clear why over two and one-half years elapsed before the Commissioner's response. But it is apparent that the Commissioner still regarded the case as open. Appellants submitted the supporting information on December 30, 1968, and requested a hearing. On February 26, 1970, the Commissioner granted a hearing which was held on April 17, 1970. In a written decision of October 7, 1970, the Commissioner determined that the original findings of the Oil and Gas Conservation Committee were correct, that the Director's original decision was correct, and that "the application for discovery well certification on the Grayling No. 1–A Well is therefore denied." He also stated:

"This decision represents final departmental action regarding all matters raised in your application for reconsideration."

On November 2, 1970, appellants filed in the superior court a petition for judicial review of the decision of the Commissioner of October 7, 1970. The principal question presented was whether the Commissioner should have limited himself to the evidence available to the Oil and Gas Conservation Committee and the Director in February 1966, or whether he should have considered evidence discovered and submitted later. The Commissioner's decision of October 7, 1970, recites that he limited himself to determining whether the original decision of the Director was correct on the basis of the information then available to the Director.

A hearing was held in superior court on December 7, 1971. After hearing argument, the court entered an order remanding the case "to the Commissioner of Natural Resources and/or Director of Division of Lands and/or The Oil and Gas Conservation Committee" with directions (1) to determine whether Union's petition for reconsideration was properly granted by the Commissioner's October 1968 decision; (2) if it was properly granted, then to explain the meaning of the term "supporting information" used in the decision; (3) to determine whether the information Union supplied pursuant to the decision qualified as "supporting information"; (4) if the petition was properly granted and if the "supporting information" supplied by Union was pertinent to the inquiry, then to re-

3. AS 44.62.540(a) states:
"The agency may order a reconsideration of all or part of the case on its own motion or on petition of a party. The power to order a reconsideration expires 30 days after the delivery or mailing of a decision to the respondent. If no action is taken on a petition within the time allowed for ordering reconsideration, the petition is considered denied."

4. AS 44.62.560(a) states:
"Judicial review by the superior court of a final administrative order may be had by filing a notice of appeal in accordance with the applicable rules of court governing appeals in civil matters. Except as otherwise provided in this section, the notice of appeal shall be filed within 30 days after the last day on which reconsideration can be ordered, and served on each party to the proceeding. The right to appeal is not affected by the failure to seek reconsideration before the agency."

view and consider the same and make "appropriate findings"; and (5) if the petition was "improperly allowed," to make "specific findings to the effect" and to state "the reasons therefor". In conclusion the order stated:

"In all events a new decision on the application for discovery well certification as to oil and gas lease No. ADL 17594 should be made setting forth the basis upon which the application is either granted or denied."

In response to the remand, the Commissioner issued a decision dated February 17, 1972, stating: (1) that the "petition for reconsideration" was properly granted; (2) that the Commissioner properly limited his review "to a determination of whether [the Oil and Gas Committee and the Director] had considered all the evidence timely filed pursuant to AAC 505.744"; (3) "[s]upporting information is defined by this Department as information which explains and supports the position of the applicants and which is based on data filed by the applicants within 90 days after the date of their potential test under AAC 505.743 held on November 7, 1965;" data filed after this 90 day-period is "additional information," not "supporting information"; (4) the Oil and Gas Conservation Committee considered all Union's "supporting information" and properly did not consider Union's "additional information"; and (5) "[t]he application for discovery well certification . . . is denied for the reason that insufficient information was submitted by the applicants during the 90-day period . . . to permit a finding by the Alaska Oil and Gas Conservation Committee as to the existence of a separate geologic structure."

Union filed a second petition for judicial review on April 12, 1972, of this new decision by the Commissioner. Union's position throughout was that in their original petition of February 14, 1966, they requested and, in the October 1968 Commissioner's decision, were properly granted the right to submit new evidence as to the separateness of the geologic structures as that evidence was discovered and developed *after* the 90-day period. Union argued that its petition was not really an *appeal* from the Director's decision, but rather a request for a stay, a request to keep the case open. Union contended that AS 44.62.-520(a) [5] permits the Commissioner or the Director to continue, *i. e.*, stay, their jurisdiction over a matter for a particular purpose so long as that purpose is not to postpone judicial review. It contended that the Commissioner by his own order was bound to accept new evidence, and that the effect of his decision of October 1968 was to grant a stay of the proceedings until such time as additional evidence could be gathered and presented. Union's claim was that the Commissioner erroneously refused to consider the new evidence offered by Union.

The case proceeded with an exchange of pretrial memoranda aimed principally at the question of what evidence should have been received on the reconsideration issue. It was apparently not until a December 4, 1972, pretrial conference that the jurisdictional question presently before us was raised. It was raised by the court itself, not by the parties. The problem raised by the court was whether Union's appeal to it was timely under AS 44.62.540.[6] Union's first petition for judicial review was filed November 2, 1970, nearly four years after the Director's January 26, 1966, denial of discovery royalty certification. As mentioned above, AS 44.62.540(a) and AS 44.-62.560(a) seem to combine to allow only 60 days after delivery or mailing of the

---

5. AS 44.62.520(a) states:
"*Effective date of decision.* (a) A decision becomes effective 30 days after it is delivered or mailed to the respondent unless (1) a reconsideration is ordered within that time, (2) the agency itself orders that the

decision become effective sooner, or (3) a stay of execution is granted for a particular purpose and not to postpone judicial review."

6. See n. 3, *supra.*

Director's denial of certification within which to seek review in the courts, where the Director has not responded to a petition for reconsideration within 30 days after delivery of his decision.

After the submission of further briefs by the parties, the superior court rendered an oral decision denying the petition for review for lack of jurisdiction. In its written conclusions of law filed May 29, 1973, the court indicated that its dismissal of Union's petitions was based on AS 44.62.-540(a) and AS 44.62.560(a). The conclusions state in part:

"4. In the instant case the plaintiffs filed a petition in a timely manner to the Director, Division of Lands, who was not required by regulation to act on the subject matter of the request for reconsideration, and did not act on such request. Therefore, the self-executing provisions of AS 44.62.540(a) operate to deny the petition automatically 30 days after the delivery or mailing of the decision, or on or about February 25, 1966. Under AS 44.62.560, the notice of appeal should have been filed with the Superior Court within 30 days after the last day on which reconsideration can be ordered, or not later than March 27, 1966.

"5. As the plaintiffs did not file a notice of appeal with the Superior Court before March 27, 1966, the jurisdiction of the Superior Court to entertain this appeal under the Administrative Procedures Act terminated by operation of AS 44.62.560.

"6. To the extent that Commissioner of Natural Resources Thomas E. Kelly undertook, by letter of October 31, 1968, to acknowledge the validity of the petition and permit plaintiffs to submit supporting information not available to the Division of Lands during the applicable

period in 1965–1966, he did so outside the limitations of the applicable statutes and regulations. Likewise, the attempted appeals of the plaintiffs under the Administrative Procedures Act filed with this Court November 2, 1970 and April 11, 1972 are not within the jurisdiction of this Court."

The state argues that appellants, by their inaction in 1966, allowed the decision of the Director to become final and not subject to judicial review. The Administrative Procedure Act applies to the Division of Lands under the Alaska Land Act "where applicable". AS 44.62.330(a). The same act requires that one must seek judicial review of an agency decision within 30 days from the last day on which reconsideration can be ordered. AS 44.62.560(a). Reconsideration can be ordered only within 30 days after the delivery or mailing of a decision to the affected party. AS 44.62.-540(a). Because appellants did not seek judicial review within 60 days from the decision of January 26, 1966, the state argues that they are barred from seeking relief in the courts.

■ Appellants argue that the Commissioner's action in 1968 was not taken solely within the confines of AS 44.62.560(a) and 44.62.540(b).[7] It was not the kind of "reconsideration" treated in those sections, but was a form of review independent of the structure of the Administrative Procedure Act. This form of review necessarily follows, urge appellants, from the authority and duties conferred upon the Commissioner by AS 38.05.020. That statute provides in pertinent part:

"(a) The commissioner [of the Department of Natural Resources] shall supervise the administration of the land division

7. AS 44.62.540(b) states:
"The case may be reconsidered by the agency on all the pertinent parts of the record and the additional evidence and argument that are permitted, or may be assigned to a hearing officer. A reconsideration assigned to a hearing officer is subject to the procedure provided in § 500 of this chapter. If oral evidence is introduced before the agency, no agency member may vote unless he has heard the evidence."

(b) The commissioner may

. . . . . .

(3) *review* any order or action of the director [of the Division of Lands]." (emphasis added)

Appellants argue that there is a significant difference between the concept of "reconsideration" as used in AS 44.62.540(a), the Administrative Procedure Act, and the concept of "review" as used in AS 38.05.-020(b)(3), the Alaska Land Act. This distinction is more than just a semantic nicety; it is essential to appellants' argument. They contend that the two words represent entirely different processes and that only one of them is subject to the 60-day time limit of the Administrative Procedure Act.

Appellants point out that unless AS 44.-62.540(a), the "reconsideration" provision, is interpreted to apply to the Director alone, then the Commissioner may be deprived entirely of his AS 38.05.020(b)(3) right to review. That is, merely by not responding to a request for reconsideration, the Director might tie up the request for the entire 30 days after notification of his decision. The Commissioner might never know of the request within that 30-day period. And so if the AS 44.62.540(a) 30-day time limit is held to be running against him at the same time as it is running against the Director, the Commissioner would never have an opportunity to review the decision. The party requesting the reconsideration could do nothing about it because the party would not know whether the Director intended to reply to the request, thus opening the way to review by the Commissioner or alternatively by the superior court, until the 30 days had passed.[8] If "review" is interpreted as being no different from "reconsideration", and if the 30-day time limit runs concurrently against the Director's "reconsideration" and the Commissioner's "review", then indeed AS 44.62.540(a) would under certain circumstances nullify AS 38.05.-

020(b)(3). Rather than have this occur, appellants urge an alternative interpretation which will allow the two statutes to coexist peacefully. That interpretation turns upon the point that the word "agency" in AS 44.62.540(a) refers to the Division of Lands and the Department of Natural Resources *separately* as two different agencies.

It is true that the Administrative Procedure Act lists the Department and the Division separately in the "state boards, commissions, and officers" whose procedure is to be governed by the Act. AS 44.62.-330(a)(9) and (a)(18). This interpretation would be a simple and attractive method of reconciling statutory conflict. Other problems would, however, remain.

The state argues that under certain provisions of the Alaska Administrative Code the Director's decision of 1966 was final when it was rendered, and was final as to the Department of Natural Resources. 11 AAC 516.51 states:

"Orders, decisions and other actions of the Director, the Division, the Commissioner or the Director with the advance approval, consent or concurrence of the Commissioner shall be, without prejudice to any other right or remedy any person may have, *final so far as the Department of Natural Resources is concerned* as specified below:

(a) Any action which is not subject to reconsideration under Section 516.31 or Section 516.32 shall be final when made or taken;

(b) Any action which is subject to reconsideration under Section 516.31 or Section 516.32 shall be final upon the expiration of the time for filing an application for reconsideration if no such timely application is filed;

(c) A decision of the Director upon reconsideration of any action under Section 516.31 shall be final upon the expi-

---

8. The party could, of course, request review by the Commissioner at the same time that it requests reconsideration, but nothing in the

Administrative Procedure Act requires such action.

ration of the time for appeal if no timely appeal is filed;

(d) A decision of the Commissioner upon reconsideration of any action under Section 516.32 shall be final upon delivery of the notice specified in Section 516.36;

(e) A decision of the Commissioner on appeal shall be final upon delivery of the notice specified in Section 516.45." (emphasis added)

The argument is that neither Section 516.31 nor Section 516.32, mentioned in subsection (a) above, cover a decision on an application for a discovery well certification. Therefore, argues the state, the decision of the Director became the final action of the Department, and the Commissioner's later action could not affect that finality. The administrative code provisions referred to read as follows:

"516.31. Reconsideration; Director.

An order, decision, or other action of the Director or the Division which may be made or taken without the advance approval, consent, or concurrence of the Commissioner shall be subject to reconsideration by the Director if such action falls within any of the following categories:

(a) Rejection of a bid for failure to comply with these regulations;

(b) Rejection of a lease application;

(c) Denial of a lease extension;

(d) Order to produce a shut-in well;

(e) Denial of an application for suspension of operations or production;

(f) Increase in the amount of a bond;

(g) Conforming or establishing lease boundaries or denying a hearing or approving a survey in connection therewith;

(h) Disapproval of a lease transfer;

(i) Segregation of a lease;

(j) Denial of a surrender;

(k) Termination of a lease;

(l) Denial of an application to designate a unit area;

(m) Disapproval of a unit agreement or of a modification thereof;

(n) Disapproval of a unit operator;

(o) Disapproval of a communitization agreement;

(p) Granting or denial of an underground storage lease;

(q) Order to reduce acreage held."

"516.32. Same; Commissioner.

An order, decision, or other action of the Commissioner or of the Director with the advance approval, consent or concurrence of the Commissioner shall be subject to reconsideration by the Commissioner if such action falls within any of the following categories;

(a) Denial of a lease extension;

(b) Denial of an application for rental and royalty relief;

(c) Order requiring a lessee to subscribe to a unit agreement."

■ We disagree with the state's interpretation of these provisions. The denial of an application for discovery well certification does, in our opinion, constitute a "denial of an application for rental or royalty relief" within the meaning of 11 AAC 516.32(b). If such an application is successful, it results in the applicant paying a lower royalty than would otherwise obtain. The applicant is "relieved" of the normal, higher royalty, and the grant of the application gives the applicant the "relief" sought. It is our opinion that the decision of the Director was subject to reconsideration under 11 AAC 516.32(b), and was subject to reconsideration by the Commissioner.[9]

9. Both "review" and "reconsideration" in a broad sense refer to a re-examination of acts or a course of proceedings. But as normally used in the context of administrative adjudication, "review" implies a consideration of a case by one other than the entity which initially decides it, while "consideration" implies a re-examination, and possibly a different decision, of a case by the entity which initially decides it.

This conclusion is consonant with how the Commissioner himself ostensibly regarded his action in granting reconsideration. His October 1968 decision states:

"By letter dated February 4, 1966, the applicants asked for reconsideration and interpretation of the Director's decision. Actions of this type are made with the concurrence of the Commissioner and are subject only to reconsideration by the Commissioner."

Similarly, the response of Commissioner Herbert to the superior court's 1971 request is enlightening:

"1. The petition for reconsideration of Union-Marathon dated February 14, 1966 as to the Decision of Director of Lands Roscoe E. Bell, dated January 14, 1966, was duly and properly granted by Commissioner Thomas E. Kelly by his Decision dated October 31, 1968 *pursuant to the authority of Commissioner Thomas E. Kelly in AS 38.05.020(b)(3).*" (emphasis added)

His reference to AS 38.05.020(b)(3) is consistent with action under 11 AAC 516.-32(b), since the statutory authority for 11 AAC 516.32(b) is AS 38.05.020(b)(3).[10] It follows that the grant of reconsideration was proper.

The question still remains whether the 60-day time limit of AS 44.62.540(a) would apply to the Commissioner's grant of reconsideration pursuant to 11 AAC 516.-32(b), for if the decision of the Director was subject to reconsideration by the Commissioner, and not the Director, AS 44.62.-540(a) arguably should be applied.

We do not think that this is the proper resolution of the problem. We read AS 44.62.540(a) as applying only to reconsideration by the specific "agency" that actually made the decision, in this case the Director of the Division of Lands, not the more comprehensive agency. Even though

the administrative code provisions refer to the Commissioner's action as "reconsideration", the actual process is that of the "review" authorized as AS 38.05.020(b)(3). We do not read AS 44.62.540(a) as precluding the kind of intra-departmental review presented here, particularly where such review is authorized by statute. It is reasonable to view the Commissioner's action as a second stage of administrative review. A concern for conservation of judicial energy also favors such second stage administrative reviews rather than discouraging them, or even making them impossible, by severely limiting the time within which they must take place. It is quite reasonable for the Commissioner to consider this an area where the Director's decisions are subject to the Commissioner's reconsideration, since the statute which created discovery well royalties empowered the Commissioner, not the Director, to grant the specified royalty reduction. AS 38.05.180(a). The Commissioner would thus seem to retain some responsibility in this area even though the job of receiving the necessary information and making the actual certification was delegated by regulation, 11 AAC 505.74, et seq. and 11 AAC 508.14, et seq., to the Oil and Gas Conservation Committee and the Director, Division of Lands.

 The state argues that appellants' position is contrary to the necessary implications of Pan American Petroleum Corp. v. Shell Oil Co., 455 P.2d 12, 14–15 (Alaska 1969). That case also dealt with the award of a discovery well royalty certification. We held that the proceedings before the Division of Lands were subject to judicial review under AS 44.62.330(a) of the Administrative Procedure Act, and that the grant of power to the Commissioner under AS 38.05.020(b) did not operate to take the proceedings outside the Administrative Procedure Act.[11] In Pan American

---

10. Although no authority for Section 516.32(b) appears to be given in the old code, the successor to Section 516.32(b) in the new Administrative Code seems to be 11 AAC 82.080(2). (Mineral Leasing Procedure) The au-

thority for this regulation in the new code is listed as AS 38.05.020 and 38.05.145.

11. The argument in *Pan American* was that the Commissioner had promulgated certain

the appeal was from the Division of Lands to the superior court. No question was presented about the Commissioner invoking his power to review a Division of Lands decision after it had become final as to the Division of Lands. The *Pan American* case establishes the propriety of seeking judicial review of a Division of Lands decision without exhausting further remedies within the Department of Natural Resources. But it does not prohibit the pursuit of further remedies within the Department, where those remedies exist pursuant to statutory authority and promulgated regulations, in this case AS 38.05.020 and 11 AAC 516.32. In other words, there are situations in which one may possess the alternatives of either seeking judicial review directly from a decision of the Division of Lands or seeking review by the Commissioner and then invoking judicial review. We view the case before us as such an instance.

The decision we reach here is in harmony with the principle exemplified in Aleutian Homes v. Fischer, 418 P.2d 769 (Alaska 1966). There we held that where a question of administrative procedure was uncertain, and counsel for a party reasonably could have been in doubt about how to proceed, we would not invalidate a mode of proceeding which could have appeared to be correct under one of several interpretations of the applicable statutes. Similarly here, one reading the statutes and regulations in 1966 might reasonably have concluded that after the filing of the petition for reconsideration, and after inaction by the Director of the Division of Lands for 60 days from the initial decision, the case was still not ripe for judicial review until

the Commissioner had acted. Thus it would be unfair now to hold that counsel erred in not seeking judicial review directly from the 1966 decision of the Director.[12]

We hold, therefore, that appellants were entitled to seek judicial review of the decision of the Commissioner of the Department of Natural Resources of October 7, 1970. The filing of the action in superior court was timely, and it was error to dismiss the action for want of jurisdiction. We reverse and remand this case for further proceedings consistent with this opinion.

Reversed and remanded.

---

regulations under which reconsideration of a Division of Lands decision concerning discovery royalties was precluded altogether. That argument was rejected on the ground that the Administrative Procedure Act did permit reconsideration.

12. Nor does Alyeska Ski Corp. v. Holdsworth, 426 P.2d 1006 (Alaska 1967), dictate a different result. There the problem was that the Administrative Procedure Act had not been

made expressly applicable to the leasing procedures of the Division of Lands, for non-mineral lands, and a different type of review, appeal to the Commissioner, was provided by statute. We held that the actions of both the Director and the Commissioner were subject to judicial review, *i. e.*, we construed the applicable constitutional and statutory provisions as not divesting the courts of their power to review the legality of administrative action.