Valdemar C. ANDERSON, Appellant,

v.

STATE of Alaska, COMMERCIAL FISH-
ERIES ENTRY COMMISSION,
Appellee.

No. 6107.

Supreme Court of Alaska.

Nov. 12, 1982.

Raymond A. Gillespie, Cowan, Gillespie & Jefferson, Seward, for appellant.

Michael Sewright, Asst. Atty. Gen., Anchorage, and Wilson L. Condon, Atty. Gen., Juneau, for appellee.

Before BURKE, C.J., and RABINOWITZ, CONNOR, MATTHEWS and COMPTON, JJ.

## OPINION

PER CURIAM.

This case involves an administrative appeal filed seventeen days late. The superior court dismissed the action as untimely under Alaska Appellate Rule 602(a)(2). This appeal followed.

On November 29, 1978, the Commercial Fisheries Entry Commission (CFEC) denied Anderson's application for a limited entry permit. Anderson requested an administrative hearing. On April 12, 1979, the CFEC denied that request. On April 26, Anderson requested that the CFEC reconsider its decision to deny him a hearing. On May 7, a hearing officer wrote Anderson that:

> Commission regulations do not provide for such reconsideration. This case was closed to further consideration by the Commission on April 12, 1979 when I denied the hearing request and exhausted Mr. Anderson's administrative remedies.

Anderson filed an appeal on May 29.

The superior court ruled that the time for appealing the April 12 denial of Anderson's

hearing request expired on May 12. Anderson contends that the April 26 request for reconsideration tolled the thirty-day period in which to appeal. The Commission maintains that the pertinent regulations do not authorize reconsideration of a hearing officer's decision to deny a hearing and that Anderson's request therefore failed to suspend the time in which to appeal.[1]

### *Availability of Reconsideration*

■ Former Appellate Rule 45(a)(2), now Appellate Rule 602(a)(2), provided:

The time within which an appeal may be taken to the superior court from an administrative agency shall be 30 days from the date that the order appealed from is mailed or delivered to the appellant. If a request for agency reconsideration is timely filed before the agency, the notice of appeal must be filed within 30 days after the agency's reconsideration decision.

Implicit in this rule is the requirement that the pertinent statutes or regulations provide for reconsideration within specified time limits if a timely request for reconsideration is to toll the thirty-day period. *Cf. Oaks v. Grocers Wholesale, Inc.,* 377 P.2d 1001, 1003 (Alaska 1963) (where there is no provision for reconsideration, the decision is final and the time for taking a civil appeal commences to run).

AS 44.62.540, which provides for reconsideration in administrative agencies general-ly, is not applicable to CFEC proceedings. AS 16.43.120(a).[2] Anderson submits, however, that reconsideration was available under 20 AAC 05.850, which at the time stated:

(a) The commissioners may order a reconsideration of *their decision* on their own motion or on petition of the applicant or other party. A petition for reconsideration by the applicant or other party shall set forth specifically the grounds upon which the petitioner believes the decision to be erroneous or specify new evidence he believes will have a substantial bearing on the decision.

(b) The power to order a reconsideration expires 30 days after the hand delivery or mailing of a decision to the applicant or other party. If no action is taken on a petition for reconsideration within the time allowed for ordering reconsideration, the petition is considered denied.

(c) The commissioners may reconsider a matter in the original record or order a supplementary hearing in accordance with 20 AAC 05.845(e).[3]

(Emphasis added.)

The Commission reads the regulation as limiting reconsideration to administrative adjudications, *i.e.,* the Commission's decisions in reviewing previously held hearings. We think this interpretation neither plainly erroneous nor inconsistent with the wording of § .850. *Tunley v. Municipality of An-*

---

1. The CFEC also contends that since the jurisdictional statement in Anderson's brief states that the appeal "is taken from the order denying Appellant Anderson's Motion for Reconsideration," the merits of the superior court's decision are not properly before this court. This is so, reasons the CFEC, because the denial of a motion for reconsideration is nonappealable according to "generally accepted doctrine." We find no merit in this contention. Anderson's notice of appeal designates the underlying judgment as the subject of the appeal, and "it clearly appears from the record as a whole that [Anderson's] intent was to appeal from the [underlying] judgment." *In Re Mountain View Public Utility District No. 1,* 359 P.2d 951, 954–55 (Alaska 1961).

2. AS 16.43.120(a) provides:
(a) The administrative adjudication procedures of the Administrative Procedure Act (AS 44.62) do not apply to adjudicatory proceedings of the commission except that final administrative determinations by the commission are subject to judicial review as provided in AS 44.62.560–44.62.570.

3. 20 AAC 05.850 has since been amended by the addition of the following section:
(d) The commissioners will, in their discretion, reconsider any final action by a hearing officer on petition of the applicant or other party. The petition for reconsideration shall specifically set forth the alleged error committed by the hearing officer.

*chorage School District,* 631 P.2d 67, 78 n. 30 (Alaska 1980). By its terms, § .850 authorizes the commissioners to reconsider *their decisions,* an apparent reference to administrative adjudications conducted pursuant to 20 AAC 05.845. Moreover, § .845 refers to the possibility of reconsideration, whereas § 805, which establishes the right to *request* a hearing, makes no such reference. Finally, we note that § .850 was amended in 1981 to provide for reconsideration of a hearing officer's decision to deny a hearing. This suggests to us that the regulations did not previously establish such a right.

### Abuse of Discretion

 Anticipating this result, Anderson also argues that the trial court abused its discretion in failing to relax the strictures of Appellate Rule 602(a)(2). We agree. Appellate Rule 521 authorizes a relaxation of the rules "where a strict adherence to them will work surprise or injustice." *See Owsichek v. State Guide Licensing,* 627 P.2d 616, 621 (Alaska 1981); *Commercial Fisheries Entry Commission v. Apokedak,* 606 P.2d 1255, 1258 n. 6 (Alaska 1980) (where we held that the superior court did not abuse its discretion in relaxing the thirty-day limitation for appealing an administrative order). Here, Anderson's position that the regulations permitted him to file for reconsideration without jeopardizing his right to appeal is far from untenable. *See McCarrey v. Commissioner of Natural Resources,* 526 P.2d 1353, 1355 (Alaska 1974) (four month delay in filing appeal excused by confusion concerning proper method for appealing administrative decision); *compare Vogt v. Winbauer,* 376 P.2d 1007, 1009 (Alaska 1962). The agency has made no

showing that the minimal (seventeen day) delay worked to its disadvantage. And the consequences of adhering to Appellate Rule 602(a)(2) are severe, foreclosing Anderson from obtaining an entry permit for the Cook Inlet drift gill net fishery. Given these points, and inasmuch as it appears that Anderson was merely trying to exhaust his administrative remedies, we conclude that a literal adherence to Appellate Rule 602(a)(2) would work an injustice. *Owsichek v. State Guide Licensing,* 627 P.2d 616 (Alaska 1981).

REVERSED.

MATTHEWS, Justice, joined by RABINOWITZ, Justice, concurring.

In my opinion the appeal to the superior court was timely under 20 AAC 05.850. That regulation is expressly applicable to "a decision" of the Commission. The denial of a hearing under 20 AAC 05.805 [1] is a decision of the Commission. It therefore is subject to reconsideration under § 850.

In fact, the denial of a hearing under § 805 is a determination that the written request for a hearing has demonstrated no right to relief. As such, the denial is akin to a judgment on the pleadings in a civil action and is a final decision on the merits of the controversy. It makes no sense to conclude that such a decision should not be subject to reconsideration by the Commission while all other final decisions by the Commission are. There is certainly no language in the regulations which suggests that this unusual conclusion is warranted.

For these reasons I conclude that the appeal to the superior court was timely and that the court erred in dismissing it.

---

1. 20 AAC 05.805 provides in part:

 REQUEST FOR AN ADMINISTRATIVE HEARING. (a) An applicant or other party may request an oral or written administrative hearing by filing a request for a hearing with the commission. The request for a hearing must contain a statement of why the commission's determination should be changed,

and indicate which findings of fact, interpretation of regulation, or interpretation of statute the party believes to be in error. An administrative hearing will be granted upon the determination that the written request for a hearing demonstrates a genuine issue in contention.