Darlene COWITZ, Appellant,

v.

The ALASKA WORKERS' COMPENSATION BOARD, Scott Wetzel Services, Inc., and Alaska Pulp America, Inc., Appellees.

No. S–866.

Supreme Court of Alaska.

July 3, 1986.

---

Peter R. Ellis, Ketchikan, for appellant.

Patrick E. Murphy, Batchelor, Murphy & Brinkman, Juneau, for appellee, Alaska Pulp America, Inc.

Before RABINOWITZ, C.J., and BURKE, MATTHEWS, COMPTON and MOORE, JJ.

RABINOWITZ, Chief Justice.

*Introduction*

This appeal is from a superior court order dismissing an administrative appeal for lack of diligent prosecution. At issue is whether a letter notifying counsel that the record on appeal is complete is sufficient when the rules require that the clerk "certify" that the record is complete. Also at issue is whether the court must give counsel notice that unless a brief is filed within 14 days, the case will be dismissed.

On September 11, 1980, Darlene Cowitz's hand was almost completely amputated when it was pulled into a conveyor tail drum at Alaska Lumber and Pulp's mill, where she worked. After the Alaska Workers' Compensation Board (the board) issued a decision on September 15, 1982, she appealed to the superior court. Her notice of appeal was filed October 19, 1982. On March 21, 1983, the board requested an extension of time in which to prepare the record on appeal. The board record was forwarded to the superior court on March 29, 1983 with a cover letter which read:

Enclosed is the complete file on the above referenced case as requested in the Designation of Record received in this office on October 19, 1982.

This letter was also sent certified mail, return receipt requested to the counsel for Cowitz and Alaska Lumber and Pulp (ALP). The record was supplemented on April 7, 1983. Again, the parties' counsel were sent copies of the cover letter to notify them of the addition to the record.

On October 19, 1984, some eighteen months later, ALP filed a motion to dismiss the Cowitz appeal because Cowitz had not yet filed a brief or taken any other action. Thereafter, Cowitz filed an opposition to the motion, and on November 26, filed an appellate brief.

The superior court dismissed the appeal for lack of diligent prosecution and this appeal followed.

I. *Certification of the Record on Appeal*

Cowitz contends that the board did not comply with Alaska Appellate Rule 210(f)(5) and (6), and that unless counsel receives a certificate pursuant to subsection (6), a party cannot be found to have received notice. Consequently, until counsel receives a certificate indicating that the record on appeal is complete, the 30–day filing deadline for briefs does not begin to run.

Rule 210(f)(5) states:

The clerk shall prepare, sign and attach to the record on appeal a certificate containing the following: a table of contents which shall list each document and exhibit contained in the record on appeal with corresponding volume and page numbers where each such document may be found, and a brief description of each exhibit indicating if the exhibit is a "physical exhibit" which will not be transmitted pursuant to subsection (1) of this rule; the date upon which the preparation of the record was completed; and the dates upon and manner in which notice of such completion of the record was given by the clerk and the names of the

parties or their attorneys to whom such notice was given.

Rule 210(f)(6) states that:

Promptly upon the completion of the record on appeal, the clerk shall give notice thereof to all parties to the judgment and to the clerk of the appellate courts, by sending them a copy of the certificate referred to in paragraph (5).

The board did not strictly comply with Rules 210(f)(5) and (6). Instead of preparing a "certificate," a board officer prepared and attached to the record a letter. The board record itself had a table of contents, and the letter included the dates and manner of notification to the parties. Cowitz's attorney received the letter informing him that the "complete file" had been sent to the superior court. The only requirement that the board failed to meet is that it omitted to state the date upon which the preparation of the record was completed.

■ While Cowitz's attorney did not receive a "certificate" as required by Rule 210(f)(6), he did receive notice that the record was complete. Rule 212(a) allows an appellant 30 days to file his brief after notice of certification of the record has been served. Had he only been a month or two late in submitting his brief, the board's failure to issue a certificate might be a valid excuse for Cowitz. Here, however, a year and a half after receiving notification that the record was complete, Cowitz's attorney was still waiting for a certificate. He does not claim that the board's technical failure led him to believe that the record was not complete; he asserts simply that because he received no certificate, he is justified in failing to file a brief for eighteen months.

Given the circumstance that the board substantially complied with Rules 210(f)(5) and (6), and the fact that Cowitz does not claim to have relied on the board's technical deviation, we conclude that the superior court's dismissal of Cowitz's appeal should not be reversed on this basis.

## II. *Fourteen Day "Grace Period"*

Cowitz contends that under Alaska Appellate Rule 511.5(a), she was entitled to a 14-day "grace period" within which to file a brief before dismissal. Rule 511.5(a) states:

If an appellant or his counsel fails to comply with these rules, the clerk shall notify the appellant and the appellant's counsel in writing that the appeal will be dismissed for want of prosecution unless the appellant remedies the default within 14 days after the date of notification, time to be computed in accordance with Rule 502(c). If the appellant fails to comply within the 14-day period, the clerk shall issue an order dismissing the appeal for want of prosecution. In no case, except by order of the court on a motion to reinstate the appeal, shall the appellant be entitled to remedy the default after the appeal has been dismissed under this rule.

ALP counters that under Rule 511.5(c) the superior court was authorized to dismiss the case without affording Cowitz the opportunity to remedy her failure to file a brief:

The court may, upon motion of a party or its own motion, dismiss an appeal for failure to comply with these rules, whether or not prior notice of default has been given.

■ There is no logical way to reconcile these two subsections. It seems apparent, however, that Cowitz was not entitled to a 14-day grace period here. If Rule 511.5(a) is interpreted as Cowitz suggests, as indefinitely granting a 14-day grace period, then the 30-day deadline for filing briefs is meaningless. Counsel could fail to file a brief for several years and still be granted fourteen extra days before dismissal. It is an appellant's responsibility to file an opening brief, and counsel cannot expect court supervision of this procedural rule.

Cowitz does not claim to have relied upon Rule 511.5(a), so the contradictory nature of 511.5 does not render the dismissal unfair. Even after ALP filed the motion to

Page 638

dismiss, Cowitz took a month rather than fourteen days to file a brief. Cowitz's attorney did have an opportunity to explain his delay when he filed an opposition to the motion to dismiss. He argued only the certification issue. The memorandum did not mention Rule 511.5(a).[1] Review of the record discloses that Cowitz simply did not have a valid reason for failing to file a brief for eighteen months. We therefore conclude that Cowitz was not entitled to a fourteen-day grace period after an eighteen-month delay.

The superior court's dismissal is AFFIRMED.[2]

MATTHEWS, Justice, dissenting.

The letters which Cowitz's counsel received from the Board did not purport to be certificates under Appellate Rule 210(f)(5), nor did they resemble certificates because they did not contain tables of contents. I think that before a court is justified in employing the extreme sanction of dismissal for non-compliance with the rules, the event which triggers the occasion for compliance must clearly have occurred. Because such clarity is lacking in this case, I would reverse and require a determination of the merits of Cowitz's appeal.

---

1. Cowitz's failure to raise the issue below should not preclude its consideration on appeal, since it involves the issue of whether the superior court had the authority to dismiss the case as it did under the rules. *See Vest v. First National Bank of Fairbanks*, 659 P.2d 1233 n. 2, rehearing granted 670 P.2d 707 (Alaska 1983) (Supreme Court will not hesitate to consider an issue not raised below where it involves a question of law that is critical to a proper and just decision).

2. Cowitz has two additional arguments. She contends first that the superior court erred in failing to set forth findings of fact and conclusions of law when it dismissed the case. The appellate rules, however, do not require this. Judge Schulz did state the reason for the dismissal as "lack of diligent prosecution."

Cowitz also argues that dismissal was too severe a penalty considering that she filed the brief a month after the motion to dismiss was filed. While dismissal is a severe sanction, we cannot say that the superior court abused its discretion in this case.