**Robert KING, Appellant,**

v.

**STATE OF ALASKA, DEPARTMENT OF NATURAL RESOURCES, and the Alaska Workers' Compensation Board, Appellees.**

**No. S–1715.**

Supreme Court of Alaska.

Sept. 11, 1987.

Chancy Croft, Anchorage, for appellant.

Monica Jenicek and Trena L. Heikes, Stone, Waller & Jenicek, Anchorage, for appellee Dept. of Natural Resources.

Jan Hart De Young, Asst. Atty. Gen., Anchorage, Ronald W. Lorensen, Acting Atty. Gen., Juneau, for appellee Alaska Workers' Compensation Bd.

Before RABINOWITZ, C.J., BURKE, MATTHEWS, COMPTON and MOORE, JJ.

## OPINION

RABINOWITZ, Chief Justice.

Robert King appeals the superior court's dismissal of his appeal from a final decision of the Alaska Workers' Compensation Board. We reverse.

## I. BACKGROUND.

On July 29, 1985, Robert King timely appealed to the superior court from a decision of the Alaska Workers' Compensation Board (the Board). King claimed that the Board erred in the manner in which it calculated his pre-injury earning capacity. On August 15, 1985, King filed a motion to hold the appeal in abeyance pending a decision of the Board on King's petition for reconsideration and to grant the Board jurisdiction to decide the petition. The superior court granted King's motion.

The Board denied King's petition on October 17, 1985. No further action was tak-

en in the appeal until April 30, 1986, when King notified the superior court and the opposing parties of the Board's reconsideration decision. At that time King requested that the superior court reassume jurisdiction of the case and enter an appropriate briefing schedule. The state opposed, and the appeal was dismissed for lack of prosecution.

## II. DID THE SUPERIOR COURT ERR IN DISMISSING KING'S APPEAL?

King argues that the superior court erred in dismissing his appeal for lack of prosecution because it never vacated its previous order holding the appeal in abeyance.[1] King further contends that confusion existed as to the proper process of appeal because the Board has held that the filing of an appeal from a Board decision divests it of jurisdiction in the case, and no statute provides that the filing of a motion for reconsideration by the Board suspends the time for filing an appeal. King also maintains that because the superior court never requested preparation of a transcript of the Board proceeding and because the Board did not file a copy of its decision with the court, the court never established a briefing schedule for the appeal. Thus, he asserts that he never missed any briefing deadline or other deadline in this matter.

The state contends that King is required by Appellate Rule 602(a) to file an appeal within thirty days after the agency's reconsideration decision.[2] It points out that Appellate Rule 210(g) requires preparation of the record within forty days from the date of filing the notice of appeal and makes the appellant ultimately responsible for compliance with that time limit,[3] and further

---

1. The order holding King's appeal in abeyance stated in relevant part: "That this appeal shall be held in abeyance pending a decision on Appellant's Petition for Reconsideration presently before the Alaska Workers Compensation Board."

2. Alaska R.App.P. 602(a)(2) provides:
   The time within which an appeal may be taken to the superior court from an administrative agency shall be 30 days from the date that the order appealed from is mailed or

delivered to the appellant. If a request for agency reconsideration is timely filed before the agency, the notice of appeal must be filed within 30 days after the agency's reconsideration decision.

3. Alaska R.App.P. 210(g)(1) provides in part that "[t]he preparation of the record on appeal shall be completed within 40 days from the date of the filing the notice of appeal." Rule 210(g)(3) provides:

maintains that the order holding King's appeal in abeyance did not negate his responsibility for the timely prosecution of the appeal. It argues that the superior court's order by its terms stayed King's appeal only until the Board issued its reconsideration decision, at which point it became King's responsibility to timely prosecute, and that Rule 602(a)(2) should not be relaxed because King failed to demonstrate that strict adherence thereto would work surprise or injustice.[4]

■ Under Appellate Rule 604, the agency must prepare the record in an appeal of an administrative decision, and the record must be prepared and certified in conformity with Rule 210, which in turn requires appellant to designate the record on appeal.[5] As noted by the state, Rule 210(g) requires the record to be prepared within forty days from the date of filing the notice of appeal. Of particular significance to the resolution of the question presented by this appeal is subsection (1)[c] of Rule 602(b), which reads in part:

> The clerk shall also notify the agency of the date by which it must prepare the record in accordance with Rules 210 and 604.

No notice in accordance with Rule 602(b)(1)[c] was given to the Board by the clerk of the superior court in this case, and the Board never prepared the record which King had designated.[6]

The state correctly notes that Rule 210(g) explicitly places the ultimate responsibility for compliance with the forty-day time period of that section on the appellant, and further provides for dismissal as a sanction for noncompliance as provided in Rule 511.5.[7] Nevertheless, these provisions do not relieve an agency of its obligation to prepare the record on appeal in accordance with Rule 210,[8] nor do they

---

> *Ultimate responsibility for compliance with the time periods of this subsection shall be with the appellant.* Sanctions for noncompliance may be imposed as provided in Rule 511.5.
> [Emphasis added.]

**4.** Alaska R.App.P. 521 provides in part that the appellate rules "may be relaxed or dispensed with where a strict adherence to them will work surprise or injustice."

The Board filed a brief to articulate its position that under Appellate Rules 604 and 210, keeping the court advised of the status of an appeal should be the parties' responsibility, and that it does not file a decision on reconsideration unless one of the parties moves to supplement the designation of record to include the record developed pursuant to reconsideration. In the context of this case, where the decision on reconsideration is decided prior to the preparation of the record on appeal, we disagree with the Board's position and hold that it must include that decision in the record on appeal.

**5.** Alaska R.App.P. 604 reads in pertinent part:
> (a) The record on appeal shall be prepared and certified in conformity with Rule 210, unless otherwise orderd [sic] by the superior court.... The administrative agency shall prepare the record on appeal in an appeal of an administrative decision.

Alaska R.App.P. 210(a)(1) provides:
> At the time the notice of appeal is filed, the appellant shall also serve upon the appellee and file with the trial court a designation of the portions of the record, including transcripts, exhibits and any documents from the court file, to be contained in the record on appeal....

**6.** Upon filing his original notice of appeal, King designated the entire Board file as the record on appeal, including transcripts.

**7.** *See supra* note 3. Alaska R.App.P. 511.5 reads in part:
> *Dismissal for Failure to Prosecute.*
> (a) If an appellant or his counsel fails to comply with these rules, the clerk shall notify the appellant and the appellant's counsel in writing that the appeal will be dismissed for want of prosecution unless the appellant remedies the default within 14 days after the date of notification, time to be computed in accordance with Rule 502(c). If the appellant fails to comply within the 14-day period, the clerk shall issue an order dismissing the appeal for want of prosecution. In no case, except by order of the court on a motion to reinstate the appeal, shall the appellant be entitled to remedy the default after the appeal has been dismissed under this rule.
> ....
> (c) The court may, upon motion of a party or its own motion, dismiss an appeal for failure to comply with these rules, whether or not prior notice of default has been given.

**8.** *Cf. Ketchikan Retail Liquor Dealers Ass'n v. State, Alcoholic Beverage Control Bd.*, 602 P.2d 434, 438–39 & n. 15 (Alaska 1979) (appellant's description of proceedings assumed correct where agency failed to prepare record on appeal), *modified,* 615 P.2d 1391 (Alaska 1980).

excuse the superior court clerk's failure to notify the agency of the date by which it had to prepare the record, as required under Rule 602(b)(1)[c]. Thus, the resolution of the merits of this appeal hinges on whether the inherent confusion in the appellate procedures applicable to this case rendered the superior court's dismissal of King's appeal an abuse of discretion.[9]

■ It is clear that King relied on the superior court's abeyance order as grounds for not proceeding in a more timely fashion. The Board's failure to prepare the record designated by King suggests that it did not believe that it was required to prepare the record within forty days of either the filing of the initial notice of appeal or its reconsideration decision. Further, it is not apparent that King should have known that he was required to have the record prepared at those times.

In *Union Oil Co. v. State, Dep't of Natural Resources*, 526 P.2d 1357, 1365 (Alaska 1974), we noted that:

> [In *Aleutian Homes v. Fischer*, 418 P.2d 769, 773–74 (Alaska 1966)] we held that where a question of administrative procedure was uncertain, and counsel for a party reasonably could have been in

doubt about how to proceed, we would not invalidate a mode of proceeding which could have appeared to be correct under one of several interpretations of the applicable statutes.[10]

In our view the procedures pertaining to appellate review of the Board's decision were uncertain. King's counsel reasonably could have been in doubt as to how to proceed with this administrative appeal. In light of the facts that the superior court's order of abeyance was never vacated, that the Board did not furnish the superior court clerk with a copy of its decision on reconsideration, that the Board did not prepare and certify the record on appeal, and that the clerk of the superior court never notified the Board of the date by which it was to complete the record on appeal, we hold that the superior court erred in dismissing King's administrative appeal.[11]

REVERSED.

---

**9.** *See Cowitz v. Alaska Workers' Compensation Bd.*, 721 P.2d 635, 638 n. 2 (Alaska 1986).

**10.** On several previous occasions we have held that it is an abuse of discretion for the superior court not to hear an appeal, where the state is not prejudiced, if confusion exists as to the proper procedure for administrative review. *See, e.g., Anderson v. State, Commercial Fisheries Entry Comm'n*, 654 P.2d 1320, 1320–22 (Alaska 1982) (abuse of discretion not to relax time limitation for appeal where confusion exists as to whether regulations permitted reconsideration of administrative decision). In *McCarrey v. Comm'r of Natural Resources*, 526 P.2d 1353, 1355 (Alaska 1974), the party appealed to the superior court following a delay of nearly five months after the final administrative decision, while the time for appeal permitted by the applicable statute was thirty days. 526 P.2d at 1354 & n. 8. We rejected the state's argument that the superior court lacked jurisdiction to hear the appeal:

> We conclude that the superior court was not bound in this case by the strict time limitations of AS 44.62.560(a). At the time of this appeal a great deal of confusion existed concerning the method and procedures by which appeals from an administrative decision

might be taken to the superor [sic] court. The matter has now been resolved by adoption of Appellate Rule 45 [now Appellate Rule 602]. It is significant as well that the state in this instance failed to raise the question promptly in the trial court. Moreover, failure to file an appeal within strict time limitations does not create a jurisdictional defect. Courts in Alaska have authority to relax the strict requirements of the rules in order to avoid surprise or a serious miscarriage of justice, or otherwise in aid of their appellate jurisdiction.

526 P.2d at 1354–55 (footnotes omitted). *See also Pan American Petroleum Corp. v. Shell Oil Co.*, 455 P.2d 12, 14–15 (Alaska 1969) (appeal held timely where confusion existed as to whether agency reconsideration was to be governed by the agency's own regulation or the Administrative Procedure Act).

**11.** *See Cowitz v. State Workers' Compensation Board*, 721 P.2d 635, 638 (Alaska 1986) (Matthews, J., dissenting) ("[B]efore a court is justified in employing the extreme sanction of dismissal for non-compliance with the rules, the event which triggers the occasion for compliance must clearly have occurred. Because such clarity is lacking in this case, I would reverse and require a determination of the merits of [the] appeal.").