**Bobbie POWERS, Appellant,**

v.

**STATE of Alaska, PUBLIC EMPLOYEES' RETIREMENT BOARD, Appellee.**

No. S–2165.

Supreme Court of Alaska.

July 15, 1988.

---

Elizabeth I. Johnson, Johnson and Holen, Anchorage, for appellant.

Virginia B. Ragle, Asst. Atty. Gen., Grace Berg Schaible, Atty. Gen., Juneau, for appellee.

Before MATTHEWS, C.J., and RABINOWITZ, BURKE, COMPTON and MOORE, JJ.

## OPINION

MATTHEWS, Chief Justice.

### FACTS

Mr. Powers is a retired member of the State of Alaska Public Employees' Union. Powers asked the administrator of the Alaska Public Employees' Retirement System (PERS) to give him credit for work he had performed for the federal government pursuant to AS 39.35.360.

The administrator decided that Powers was not entitled to the requested credit. Powers appealed this decision to the PERS Board. The Board upheld the administrator's decision. The Board's written decision was received by Powers on December 4, 1986.

On January 9, 1987 Powers attempted to file a notice of administrative appeal with the superior court. After some procedural arguments, the superior court granted the state's motion to dismiss, "due to the untimely filing of appeal." Powers appeals this decision.

### DID THE TRIAL COURT ERR IN DISMISSING POWERS' SUIT AS UNTIMELY?

Appellate Rule 602(a)(2) controls the time within which an administrative appeal must be taken to the superior court:

> The time within which an appeal may be taken to the superior court from an administrative agency shall be 30 days from the date that the order appealed from is mailed or delivered to the appellant. If a request for agency reconsideration is timely filed before the agency, the notice of appeal must be filed within 30 days after the agency's reconsideration decision.

The state argues that, "[s]ince the decision was received by Mr. Powers on December 4, 1986, the last day upon which a timely notice of appeal could have been filed was January 5, 1987." Since Mr.

Powers did not file his appeal until January 9, 1987, the state concludes that Powers' appeal is barred.

Powers argues that the controlling statute is AS 39.35.040(4) which confers the final decision making authority on retirement appeals with the PERS administrator. He points out that while he has received a copy of the Board's decision, he has not yet received notice of the administrator's "final" decision. Thus, Powers concludes, the time within which an appeal must be filed has not yet begun to run.

AS 39.35.040 provides:

The Public Employees Retirement Board has the following powers and duties:

. . . .

(4) to act as an appeals board, hold hearings at the request of an employer, employee, surviving spouse or a beneficiary on decisions made by the administrator, and *submit its findings to the administrator* [.]

(Emphasis added).

The dispute in this appeal concerns AS 39.35.040's mandate that the Board "submit its findings to the administrator." The state argues that the statute merely requires the Board to send a copy of its decision to the administrator. Powers, on the other hand, argues that the Board serves as a fact finder for the administrator, who must rule on the submitted findings.

The state argues that any ambiguity in the statute was clarified in 1980 when the attorney general issued an informal opinion.[1] In response to that opinion, the

Board adopted a regulation, which is now codified at 2 AAC 35.180 (eff. 10/21/83), which provides:

Within 30 days after the record on appeal has been closed, the board will issue a written decision containing its findings of fact and conclusions of law. That decision will be mailed to the appellant and the division. *The written decision of the board is the final administrative decision required for purposes of appeal to the superior court.*

(Emphasis added).

 Powers correctly points out that this court may review administrative regulations to determine if they are within the statutory authority granted to the agency by the legislature. *Kelly v. Zamarello*, 486 P.2d 906, 911 (Alaska 1971). Furthermore, regulations made by an agency which exceed its statutory authority are invalid. *See Madison v. Alaska Dep't of Fish and Game*, 696 P.2d 168, 170 (Alaska 1985).

 Powers argues that 2 AAC 35.180 illegally attempts to divest the administrator of his ability to make final decisions. Powers' position is based on the idea that the word "submit" means "to yield to the will or authority of [another]." Webster's Third New International Dictionary of the English Language Unabridged (1969). The word "submit," however, also means "to present or make available for use or study." *Id.* In interpreting a statute, some weight is given to the administrative interpretation of that statute. *See Ketchikan Spruce Mills v. Dewey*, 17 Alaska 336, 344 (1957). 2 AAC 35.180 can be read as

---

1. The informal opinion concluded that the Board has final administrative jurisdiction. The Attorney General stated:

Under AS 39.35.040(4), the Public Employees' Retirement Board is empowered "to act as an appeals board, hold hearings ... and submit its findings to the administrator." The statute does not make the board advisory, and under the usual and ordinary sense of the terms used, the board decides appeals. The administrator gets the board's findings, and he must then apply them. It would be most unusual, if not unprecedented, for an appeal from an administrator's decisions to be made to a board which then *advises* the very admin-

istrator who made the decision. Absent express and unequivocal language to that effect, the statute cannot reasonably be interpreted to reach that result.

. . . .

Obviously, the board must follow and obey the law. But it is the board in which the law vests the power to decide appeals, *i.e.,* to determine what the law requires. Under the law, it has final administrative jurisdiction. The state is bound by its decisions unless they are the product of fraud or wilful misconduct. Effect of Retirement Board Decisions, Informal Op.Att'y Gen. Nos. J–66–675–80, J–66–629–80 (December 1, 1980).

clarifying AS 39.35.040(4) rather than as contradicting it. Since there is no direct contradiction between 2 AAC 35.180 and AS 39.35.040(4), the specific provisions delineated in 2 AAC 35.180 are dispositive. Powers was required to appeal within thirty days and failed to do so; thus, the trial court did not err in dismissing this case.

AFFIRMED.

RABINOWITZ, Justice, dissenting.

In my view this is a case where, pursuant to Appellate Rule 521, the thirty day limit of Appellate Rule 602(a)(2) should have been relaxed.[1] Here Powers' administrative appeal to the superior court was filed only four days late.

In his brief to this court Powers argues in part that "[w]here confusion exists on the method or procedure by which an appeal from an administrative decision should be taken to the superior court, the right of appeal should be upheld."[2] In *Anderson v. State, CFEC,* 654 P.2d 1320, 1322 (Alaska 1982) this court held that Appellate Rule 521 should be applied to relax the requirements of Rule 602(a)(2) where an administrative appeal was seventeen days late and "Anderson's position that the regulations permitted him to file for reconsideration without jeopardizing his right to appeal is far from untenable." Similarly Powers' reading of AS 39.35.040(4) and his attack upon the validity of 2 AAC 35.180 are "far from untenable." Given our past decisions in *King v. State, Dept. of Natural Resources,* 742 P.2d 253 (Alaska 1987); *Anderson v. State, CFEC,* 654 P.2d 1320 (Alaska 1982); *Union Oil Co. of California v. State, Dept. of Natural Resources,* 526 P.2d 1357 (Alaska 1974);[3] *McCarrey v. Commissioner of Natural Resources,* 526 P.2d 1353 (Alaska 1974); and *Aleutian Homes v. Fischer,* 418 P.2d 769 (Alaska 1966), I would hold that the superior court erred in dismissing Powers' administrative appeal. It is obvious that dismissal of Powers' appeal for noncompliance with Appellate Rule 602 is an extreme sanction. Furthermore, the state has not shown that it was disadvantaged by the four day delay in question.

---

**1.** In *Anderson v. State, CFEC,* 654 P.2d 1320, 1322 (Alaska 1982) we agreed that "Appellate Rule 521 authorizes a relaxation of the rules 'where a strict adherence to them will work surprise or injustice.' See *Owsichek v. State Guide Licensing,* 627 P.2d 616, 621 (Alaska 1981)...."

**2.** In support of this statement Powers cites *McCarrey v. Commissioner of Natural Resources,* 526 P.2d 1353 (Alaska 1974); *Union Oil Co. of California v. State, Dept. of Natural Resources,* 526 P.2d 1357 (Alaska 1974); *Aleutian Homes v. Fischer,* 418 P.2d 769 (Alaska 1966).

**3.** In *Union Oil Co.* we said:

The decision we reach here is in harmony with the principle exemplified in *Aleutian Homes v. Fischer,* 418 P.2d 769 (Alaska 1966). There we held that where a question of administrative procedure was uncertain, and counsel for the party reasonably could have been in doubt about how to proceed, we could not invalidate a mode of proceeding which could have appeared to be correct under one of several interpretations of the applicable statutes.

526 P.2d at 1365.