**Wayne E. COLLINS, Appellant,**

v.

**ARCTIC BUILDERS and Home Insurance Company, Appellees.**

No. S–7778.

Supreme Court of Alaska.

May 1, 1998.

Wayne E. Collins, pro se, Anchorage.

Robert B. Mason, Mason & Griffin, Anchorage, for Appellees.

Before MATTHEWS, C.J., and COMPTON, EASTAUGH, FABE and BRYNER, JJ.

## OPINION

PER CURIAM.

## I. INTRODUCTION

Wayne Collins appeals the superior court's dismissal of his appeal of the Alaska Workers' Compensation Board's dismissal of his application for an adjustment of claim. We reverse.

## II. FACTS AND PROCEEDINGS

Collins suffers from asbestos-related health problems, which he allegedly developed while working for Arctic Builders in 1963. He was aware of this condition no later than November 3, 1990. He notified his employer of this condition on May 21, 1993.

In February 1995 Collins applied to the Alaska Workers' Compensation Board for an adjustment of claim. This claim was heard in January 1996. On February 5 the Board concluded that Collins's claim was barred and dismissed it. It determined that Collins had neither timely filed the report of illness/injury required by AS 23.30.100(a) nor offered any evidence supporting an exception to that requirement.

Collins filed a notice of appeal of the Board's decision in the superior court on April 4, accompanied by a motion to accept late filing.[1] The superior court concluded that Collins's appeal, in addition to being untimely, "failed to comply with the appellate rules." Nonetheless, on April 30, the superior court gave Collins fourteen days to correct the deficiencies in his appeal documents as follows:

> Mr. Collins SHALL name the Workers' Compensation Board as an [appellee] as it is their decision from which he appeals. He shall further comply with all requirements of the Rules of Appellate Procedure (601 and 602) within that period of time, or his case will be dismissed by this court pursuant to [A]ppellate [R]ule 511.5.

Fourteen days later, Collins filed all required pleadings in the superior court, except a statement of points on appeal. The superior court found that he had not complied with Alaska Appellate Rules 601 and 602. It dismissed his case pursuant to Appellate Rule 511.5 [2] for want of prosecution and untimeliness, citing to *Powers v. Public Employees' Retirement Board,* 757 P.2d 65, 66–67 (Alaska 1988). Collins appeals that dismissal.

## III. STANDARD OF REVIEW

We review a superior court's decision to dismiss an appeal under Appellate Rule 511.5 for abuse of discretion. *See Géczy v. State,* 924 P.2d 103, 104 (Alaska 1996). We will find an abuse of discretion when the decision of the lower court is " 'arbitrary, capricious, manifestly unreasonable, or ... stem[s] from an improper motive.' " *Sheehan v. University of Alaska,* 700 P.2d 1295, 1297 (Alaska 1985) (quoting *Tobeluk v. Lind,* 589 P.2d 873, 878 (Alaska 1979)).

## IV. DISCUSSION

*Did the Superior Court Abuse Its Discretion in Dismissing Collins's Appeal of the Workers' Compensation Board's Decision?*

### A. Arguments of the Parties

The essence of Collins's argument is that he made a good-faith attempt to comply with the superior court's April 30 order. He suggests that because he is a *pro se* litigant he should not be held to as strict a standard as an attorney. The superior court should have notified him of the specific deficiency in his original filing so that he could correct it. Failing that, it should have notified him of the specific deficiency in his refiling, giving him another opportunity to supply the missing statement of points on appeal rather than dismissing his case outright.

> ... in writing that the appeal will be dismissed for want of prosecution unless the appellant remedies the default within 14 days after the date of notification.... If the appellant fails to comply within the 14-day period, the clerk shall issue an order dismissing the appeal for want of prosecution.

1. Collins affied that he had mistakenly filed a timely appeal with the Board, rather than the superior court. He appeared *pro se,* and claimed unfamiliarity with the court system.

2. Appellate Rule 511.5 provides in part
   (a) If an appellant ... fails to comply with these rules, the clerk shall notify the appellant

Appellees reason thus: The requirements of Appellate Rule 602 are clear; Collins was warned that failure to meet all of these requirements within the allotted time would result in the dismissal of his appeal; Collins failed to meet all of these requirements within the allotted time; it was therefore not an abuse of discretion to dismiss Collins's appeal.

### B. *A Superior Court Must Inform Pro Se Litigants of Specific Defects in Their Pleadings.*

Two cases are instructive: *Breck v. Ulmer,* 745 P.2d 66 (Alaska 1987), and *Bauman v. State, Division of Family & Youth Services,* 768 P.2d 1097 (Alaska 1989). In *Breck,* we explained that "the pleadings of *pro se* litigants should be held to less stringent standards than those of lawyers.... [W]e believe the trial judge should inform a *pro se* litigant of the proper procedure for the action he or she is obviously attempting to accomplish." *Breck,* 745 P.2d at 75 (citations omitted). In *Bauman,* we refused to extend *Breck* "to require judges to warn *pro se* litigants on aspects of procedure when the *pro se* litigant has failed to at least file a defective pleading." *Bauman,* 768 P.2d at 1099. Our concern in *Bauman* was that "[t]o require a judge to instruct a *pro se* litigant as to each step in litigating a claim would compromise the court's impartiality in deciding the case by forcing the judge to act as an advocate for one side." *Id.* at 1099.

In the instant case, Collins did attempt to comply with Appellate Rules 601 and 602, unlike Bauman, who failed entirely to file an opposition to a motion for summary judgment. In light of *Breck,* we conclude that the superior court must inform a *pro se* litigant of the specific defects in his notice of appeal and give him an opportunity to remedy those defects. We conclude that failure to do so is manifestly unreasonable and thus constitutes an abuse of discretion. While Appellate Rules 601 and 602 may be models of clarity to one schooled in the law, a *pro se* litigant might not find them so. We are not concerned that specificity in pointing out the technical defects in *pro se* pleadings will compromise the superior court's impartiality.

### C. *The Case Cited by the Superior Court and the Cases Cited by Appellees Are Distinguishable.*

The superior court referred to *Powers v. Public Employees' Retirement Board,* 757 P.2d 65, 66–67 (Alaska 1988). Powers attempted to file a notice of administrative appeal five days late. *See id.* at 66–67. This court upheld the superior court's dismissal of Powers's appeal as untimely. *See id.* at 67–68. First, there is no suggestion that Powers proceeded *pro se.* Second, Collins, unlike Powers, filed a meritorious motion to accept late filing. In the instant case, the superior court was sufficiently persuaded by Collins's motion to accept late filing to give him the opportunity to "correct the deficiencies in his appeals documents." Collins then attempted to file the required materials. *Powers* is not analogous.

Appellees cite to *Cowitz v. Alaska Workers' Compensation Board,* 721 P.2d 635 (Alaska 1986) and *Géczy v. State,* 924 P.2d 103 (Alaska 1996). In *Cowitz,* the superior court dismissed an appeal from a decision of the Workers' Compensation Board when the worker in question was seventeen months late in filing an opening brief. *See Cowitz,* 721 P.2d at 636. We explained that "[r]eview of the record discloses that Cowitz simply did not have a valid reason for failing to file a brief for eighteen months." *Id.* at 638. This is not analogous to the instant case—Collins provided an apparently persuasive argument for accepting his late filing. His appeal was dismissed for failure to comply with Appellate Rule 602. Although the order dismissing Collins's appeal states that it is dismissed "for want of prosecution *and* as being untimely," it is clear that if Collins had fully complied with Appellate Rules 601 and 602, this order would not have issued. For purposes of this discussion we view Collins's appeal as having been dismissed only for failure to comply with Appellate Rules 601 and 602.

In *Géczy,* as in *Powers* and *Cowitz,* the superior court dismissed an appeal for failure to supply it with required documents. Géczy failed to transmit the record to the superior court. *See Géczy,* 924 P.2d at 103–04. Géc-

zy's failure is not analogous to Collins's. As discussed above, we recognize a distinction between a *pro se* litigant who fails entirely to file required materials and one who files defective materials. *See Bauman,* 768 P.2d at 1099.

## V.  *CONCLUSION*

We REVERSE the order dismissing Collins's appeal and REMAND this case to the superior court.  On remand the court should give Collins a final opportunity to remedy the defects in his notice of appeal, after notifying Collins of the specific deficiencies in that notice.