Brenda GENARO, Appellant,

v.

MUNICIPALITY OF ANCHORAGE,
Officer K. Ehm, and Officer
Brock, Appellees.

No. S–10681.

Supreme Court of Alaska.

Sept. 5, 2003.

Thomas A. Dosik, Law Office of Thomas A. Dosik, Anchorage, for Appellant.

Joyce Weaver Johnson, Assistant Municipal Attorney, and William A. Greene, Municipal Attorney, Anchorage, for Appellees.

Before: FABE, Chief Justice,
MATTHEWS, EASTAUGH, BRYNER, and
CARPENETI, Justices.

*OPINION*

FABE, Chief Justice.

## I. INTRODUCTION

The superior court granted summary judgment to the Municipality of Anchorage on claims filed by pro se litigant Brenda Genaro, based on her deemed admissions stemming from her failure to respond to the Municipality's requests for admissions. Genaro had opposed summary judgment on the ground that she believed the Municipality had already received the requested information from the bankruptcy trustee who had briefly been substituted for her as the real party in interest in the case. Because we conclude that it was an abuse of discretion not to give Genaro the opportunity to withdraw her deemed admissions under Alaska Civil Rule 36(b), we reverse the grant of summary judgment.

## II. FACTS AND PROCEEDINGS

Brenda Genaro, acting pro se, filed a lawsuit in December 1999 against the Municipality of Anchorage and two Anchorage police officers, alleging that the two officers had beaten her. Genaro did not pursue the lawsuit, and a notice and order of dismissal was issued in May 2001 declaring that the case

would be dismissed pursuant to Civil Rule 41(e)(1)(A) unless good cause to the contrary was shown. Genaro responded that medical and financial difficulties and a "lack of resources to formally accomplish pre-trial proceedings" had prevented her from pursuing the suit. Before she could comply with the court's order to further explain these difficulties, she filed for bankruptcy. She then filed a response explaining the difficulties.

In August 2001 the bankruptcy trustee was substituted for Genaro as the real party in interest and the case was restored to the active civil case list. Shortly thereafter, the trustee wrote Genaro a letter requesting that she forward "all documents related to the incident forming the basis for the lawsuit and the injuries suffered." The trustee and the Municipality met to discuss pretrial scheduling, including a plan for discovery. On March 1, 2002, the trustee abandoned the case and Genaro was reinstated as the plaintiff.

On April 18, 2002, the Municipality sent Genaro requests for admissions. Genaro failed to respond to the requests by the due date of May 21, 2002.[1] Nine days later, on May 30, 2002, the Municipality moved for summary judgment, arguing that the court should dismiss all of Genaro's claims because her failure to respond to the requests for admissions meant that the requests were deemed admitted and conclusively established the Municipality's entitlement to summary judgment. Genaro opposed this motion, arguing that the bankruptcy trustee had complied with the Municipality's requests while the case was in his hands. The court, noting that the requests were sent after the trustee withdrew, granted the Municipality's

motion and dismissed Genaro's complaint with prejudice.

Genaro, now represented by counsel, appeals, claiming that the court erred in granting the Municipality summary judgment and dismissing the case. She argues that the court abused its discretion by not informing her of her right to move to withdraw the admissions and by not giving her the opportunity to do so.

## III. DISCUSSION

### A. Standard of Review

■■■ We review for abuse of discretion a trial court's decisions concerning whether to inform a pro se litigant of the specific defects in a pleading and whether to provide an opportunity to remedy those defects.[2] "We will find an abuse of discretion if our review of the record leaves us with a definite and firm conviction that the [trial court] made a mistake[.]"[3]

### B. The Superior Court Had an Obligation To Assist Genaro with the Procedure for Withdrawing Her Admissions and Should Have Permitted Her To Withdraw Them.

■■ Genaro argues that the superior court had a duty to inform her, a pro se litigant, of the option of moving to withdraw her deemed admissions under Civil Rule 36(b).[4] Civil Rule 36(a) provides that failure to respond within thirty days to requests for admissions will result in the matters in the requests being deemed admitted. Rule 36(b) provides that matters admitted are "conclusively established unless the court on motion permits withdrawal or amendment of the admission."

1. Genaro had thirty days to respond under Alaska Rule of Civil Procedure 36(a), plus an additional three days under Rule 6(c) because the Municipality mailed the requests to Genaro.

2. *Collins v. Arctic Builders*, 957 P.2d 980, 982 (Alaska 1998); *Hughes v. Bobich*, 875 P.2d 749, 755 (Alaska 1994).

3. *Hughes*, 875 P.2d at 755 (quoting *City of Kenai v. Ferguson*, 732 P.2d 184, 190 (Alaska 1987)).

4. The Municipality contends that this issue and several others raised by Genaro go beyond Genaro's list of points on appeal. However, Genaro's points on appeal encompass the claims she actu-

ally made, her arguments are adequately briefed, and we can address her arguments "effectively without reviewing untranscribed portions of the electronic record." Alaska Rule of Appellate Procedure 204(e). The Municipality further argues that some of Genaro's claims were not raised below. As explained later in this opinion, the issue whether the trial court should have given Genaro an opportunity to withdraw her admissions was adequately raised below. Because of our resolution of this case, we need not address the other two Genaro claims challenged by the Municipality and therefore need not address the Municipality's contention.

The superior court may allow amendment or withdrawal "when the presentation of the merits of the action will be subserved thereby and the party who obtained the admission fails to satisfy the court that withdrawal or amendment will prejudice the party in maintaining the action or defense on the merits." [5]

■ We have made clear that "a trial judge has an obligation to inform a pro se litigant of the proper procedure for the action he or she is obviously attempting to accomplish." [6] In *Breck v. Ulmer*, we held that the pro se litigant "should have been advised of the necessity of submitting affidavits to preclude summary judgment, and of the possibility of amending her complaint." [7] In *Bauman v. State, Division of Family & Youth Services*, we declined "to extend *Breck* to require judges to warn pro se litigants on aspects of procedure when the pro se litigant has failed to at least file a defective pleading." [8] Similarly, in *Coffland v. Coffland*, we held that because "[a] pro se litigant must make some attempt to comply with the court's procedures before receiving the benefit of the court's leniency," the trial court had no obligation to be lenient with a pro se litigant who had made "no effort to cooperate with the trial court or to request assistance in complying with its orders." [9]

Although Genaro never made an express request for help from the court on how to undo her deemed admissions or how to rescue her case, she did file a timely opposition to the summary judgment motion. Genaro's "objection" to the Municipality's motion made it apparent that she was attempting to defeat the motion by contesting her deemed admissions. In her "objection," Genaro stated that she believed the Municipality already had the information it was seeking because

the bankruptcy trustee had complied with the discovery requests while the case was in his hands. Additionally, she offered to resubmit the information. Genaro's "objection" may have been a "defective pleading" in that it did not mention Rule 36(b), but its purpose was clear.

Even clearer than her "objection" are Genaro's numerous statements at the pretrial conference when the court informed her that the requests for admissions were deemed admitted because she had not responded to them. When the court stated that none of the requests for admissions had been answered by Genaro, she interrupted with "But they were, your Honor" and explained that she had submitted the documents to the bankruptcy trustee. She explained repeatedly that "[the bankruptcy trustee] had already answered his requests for admission," that she had answered the requests for admission "through [the trustee]," that the bankruptcy trustee took over the case and "showed them the evidence that they needed to know," and that the Municipality already "know[s] the information" and "ha[s] the evidence." She also clearly declared that "if you want requests for admission, the admission is no, I do believe that the cop attacked me, that's the admission, what else do you want?"

While Genaro did not expressly move to withdraw her admissions and did not mention Rule 36(b), we have acknowledged that the rules of court "may be models of clarity to one schooled in the law, [but] a pro se litigant might not find them so." [10] Although we recognize that it is often difficult for a trial court to find the correct balance between the need to remain neutral and impartial and the need to inform pro se litigants of the proper

---

5. Alaska R. Civ. P. 36(b).

6. *Coffland v. Coffland*, 4 P.3d 317, 321 (Alaska 2000) (internal quotations omitted).

7. 745 P.2d 66, 75 (Alaska 1987).

8. 768 P.2d 1097, 1099 (Alaska 1989).

9. 4 P.3d at 321; *see also Kaiser v. Sakata*, 40 P.3d 800, 803 (Alaska 2002) (reiterating that pro se litigant "is expected to make a good faith attempt to comply with judicial procedures and to acquire general familiarity with and attempt to comply with the rules of procedure—absent this

effort, he or she may be denied the leniency otherwise afforded pro se litigants") (footnotes omitted).

10. *Collins v. Arctic Builders*, 957 P.2d 980, 982 (Alaska 1998). *But see Bauman*, 768 P.2d at 1099 (asserting that Civil Rules were "promulgated for the specific purpose of giving fair and reasonable notice to all parties of the appropriate procedural standards that should be uniformly applied when any party, including a pro se litigant, seeks relief in [civil litigation]," and advising that "[a] pro se litigant who wants to initiate such an action should familiarize himself or herself with the rules of procedure").

procedures for their attempted actions, we conclude that in this instance it was an abuse of discretion not to inform Genaro of "the proper procedure for the action ... she [was] obviously attempting to accomplish," namely, using a Rule 36(b) motion to preclude summary judgment.[11] Because this would not require "open-ended participation by the court [that] would be difficult to contain,"[12] informing Genaro of "the technical defects in [her] pro se pleadings [would not] compromise the superior court's impartiality."[13]

Genaro's situation is one in which withdrawal of her deemed admissions is wholly appropriate. Because "the disputed admission[s] plainly concerned ... key factual issue[s]," as the Municipality's summary judgment motion essentially acknowledges,[14] withdrawal of the admissions would subserve the merits of the action.[15] Given the procedural confusion caused by the temporary substitution of the bankruptcy trustee as the real party in interest, the fact that the Municipality filed its summary judgment motion only nine days after the deadline for responses to its requests for admissions had passed, and Genaro's stated willingness to submit the information, the Municipality could not show that it would be prejudiced by withdrawal of the deemed admissions. Thus, under Rule

36(b), Genaro should be permitted to withdraw her deemed admissions.[16]

## IV. CONCLUSION

Because the superior court had an obligation to inform a pro se litigant clearly indicating that she wanted to withdraw her deemed admissions of the proper procedures for doing so and should have permitted her to withdraw those admissions, we REVERSE the grant of summary judgment and REMAND to the superior court with direction to permit Genaro to withdraw her deemed admissions under Rule 36(b).

---

11. *Breck*, 745 P.2d at 75. The Municipality maintains that Genaro did not need the superior court to inform her of the opportunity under Rule 36(b) to move or withdraw her admissions because the Municipality pointed Genaro to Rule 36 in the instructions accompanying its first discovery request and warned her of the consequences of failing to respond. *See Willoya v. State, Dep't of Corrections*, 53 P.3d 1115, 1123 (Alaska 2002) (holding that court had no obligation to inform pro se litigant of procedural requirements due to clear evidence in record, including *inter alia* defendant's mention of requirements in summary judgment motion, that litigant knew requirements). The instructions did not describe the option of withdrawing any deemed admissions, however, and unlike Willoya, Genaro made no statements indicating her knowledge of the requirements. Therefore, there is not "clear evidence in the record that [s]he knew the requirements." *Id.*

12. *Bauman*, 768 P.2d at 1099.

13. *Collins*, 957 P.2d at 982.

14. "Each admission either negates an essential element of one or more cause of action alleged in

her complaint, establishes that no damages resulted therefrom, or else establishes one or more affirmative defense thereto. There remain, therefore, no genuine issues of material fact necessary to be litigated...."

15. *See Hughes v. Bobich*, 875 P.2d 749, 755–56 (Alaska 1994).

16. Genaro raises two other arguments on appeal. First, Genaro contends that the superior court erred by dismissing the entire case instead of the case against only the Municipality. Genaro notes that only the Municipality moved for summary judgment and only on its own behalf. The Municipality argues that this point was never raised below and that the police officers were not properly served. We need not address this issue because our decision reinstates the case against all defendants. Second, Genaro asserts that the Municipality presented no evidence upon which the superior court could have based its grant of summary judgment. Because we are reversing the grant of summary judgment, we need not consider this argument either.