NOTICE

*Memorandum decisions of this court do not create legal precedent. A party wishing to cite a memorandum decision in a brief or at oral argument should review Appellate Rule 214(d).*

THE SUPREME COURT OF THE STATE OF ALASKA

| | | |
|---|---|---|
| RICHARD B. DEREMER III, | ) | |
| | ) | Supreme Court No. S-14777 |
| Appellant, | ) | |
| | ) | Superior Court No. 3AN-12-05254 CI |
| v. | ) | |
| | ) | MEMORANDUM OPINION |
| STATE OF ALASKA, | ) | AND JUDGMENT[*] |
| DEPARTMENT OF CORRECTIONS, | ) | |
| | ) | No. 1490 – April 9, 2014 |
| Appellee. | ) | |
| _____ | ) | |

Appeal from the Superior Court of the State of Alaska, Third Judicial District, Anchorage, Kevin M. Saxby, Judge.

Appearances: Richard B. DeRemer III, pro se, Spring Creek Correctional Center, Appellant. Matthias Cicotte, Assistant Attorney General, and Michael C. Geraghty, Attorney General, Juneau, for Appellee.

Before: Fabe, Chief Justice, Winfree, Stowers, Maassen, and Bolger, Justices.

## I.    INTRODUCTION

Richard B. DeRemer III, an inmate at Spring Creek Correctional Center, moved the superior court to accept his late-filed administrative appeal, arguing that his appeal was timely because he never received a copy of the final agency decision. But contrary to this argument, he included a copy of the final agency decision with his appeal. The superior court rejected his late-filed appeal, finding that DeRemer had

_____

[*]    Entered under Appellate Rule 214.

received the final decision almost three months earlier and had no excuse for the delay. We affirm the superior court because the direct and circumstantial evidence supports a finding that DeRemer received the final agency decision. DeRemer failed to present any other basis to relax the filing deadline.

## II.    FACTS AND PROCEEDINGS

On July 8, 2011, DeRemer, who was incarcerated at Hudson Correctional Facility in Colorado, assaulted a guard by pulling the guard's arm through the tray slot in his prison door. DeRemer was found to have committed the major infraction of assault upon a staff member under 22 Alaska Administrative Code 05.400(b)(2) and given 40 days in punitive segregation. He appealed the decision to the Superintendent, who ruled that the "decision stands." DeRemer then appealed to the Director of Institutions, who also denied his appeal. The Director of Institutions's decision stated that "[t]his is the final agency decision and you have 30 days to file an appeal with the superior court."

In early October 2011 DeRemer was moved to Spring Creek Correctional Center. On October 6, 2011, DeRemer signed for the receipt of a Department of Corrections memorandum that imposed sanctions from his disciplinary hearing. The sanctions memorandum stated that DeRemer "[had] exhausted all Departmental levels of appeal." At first DeRemer alleged that he had not received this memorandum, but he retracted this statement when he was shown his signature on the document. The State argues that DeRemer also received a copy of the final decision at this time.

On December 27, 2011, DeRemer moved the superior court to accept his late-filed appeal because of "delays that were caused deliberately by the appellee" — he argued that the correctional facility never provided him with the final agency decision. Nonetheless, DeRemer included with his appeal the final agency decision he argued he did not receive. He explained this discrepancy by alleging that he had requested a copy

of the final decision from the record clerk on December 12, 2011.[1]  DeRemer did not keep his copy of the request; instead he claims that "[he] discarded it in the trash."

Mary Sandy, a criminal justice technician at the correctional facility, testified under oath in an affidavit that "[w]hen an inmate submits a [request], it is placed in his institutional file after a response has been given to him."  Sandy testified that after searching the records, she "did not find a [request] submitted by [DeRemer] on [the date DeRemer indicated] or any other day requesting a copy of the appeal decision from Director Brandenburg."  Sandy asserted that staple marks on the final decision indicated that it was distributed with the sanctions memorandum.  And DeRemer signed for the sanctions memorandum on October 6, 2011.

The superior court denied DeRemer's motion to relax the administrative appeal filing deadline because it found that "[DeRemer] was notified he'd exhausted all departmental levels of appeal on [October 6, 2011]."  DeRemer appeals.

## III.  STANDARD OF REVIEW

DeRemer argues that we should review the superior court's factual findings de novo because this is an administrative appeal, but here the superior court decided in the first instance whether DeRemer's appeal was timely; thus, we review the superior court's factual findings for clear error.[2]  "We will conclude that there was clear error only if, after a thorough review of the record, we come to a definite and firm conviction that

---

[1]    DeRemer variously claimed that he submitted the request on December 12, 2011; December 21, 2011; and February 21, 2011.

[2]    *In re Schmidt*, 114 P.3d 816, 820 (Alaska 2005) (citing *State, Commercial Fisheries Entry Comm'n v. Carlson*, 65 P.3d 851, 858 (Alaska 2003)).

a mistake has been made."[3] "All factual findings are reviewed in the light most favorable to the prevailing party below."[4]

We review the "superior court's decision to strictly enforce the [30] day deadline for filing an administrative appeal under Alaska Appellate Rule 602(a)(2)" for abuse of discretion.[5] "A court abuses its discretion if it issues a decision that is 'arbitrary, capricious, manifestly unreasonable, or . . . stem[s] from an improper motive.' "[6]

## IV. DISCUSSION

We must decide whether the superior court clearly erred when it found that DeRemer was "notified he'd exhausted all departmental levels of appeal" on October 6, 2011, and whether the superior court abused its discretion when it denied DeRemer's motion to file a late appeal. Because the superior court did not clearly err in finding that DeRemer had received the decision on October 6, 2011, and DeRemer did not present any other argument to relax the filing deadline, the superior court did not abuse its discretion when it denied his motion.

### A. The Superior Court Did Not Clearly Err When It Found That DeRemer Received Notice Of The Final Decision On October 6, 2011.

DeRemer argues that the superior court clearly erred by finding that the 30-day appeal deadline was triggered on October 6, 2011. But the superior court did not

---

[3] *Romero v. Cox*, 166 P.3d 4, 8 (Alaska 2007) (footnote and internal quotation marks omitted).

[4] *Id*. (footnote and internal quotation marks omitted).

[5] *Carlson v. Renkes*, 113 P.3d 638, 641 (Alaska 2005) (citing *Manning v. Alaska R.R. Corp.*, 853 P.2d 1120, 1124 (Alaska 1993)).

[6] *Moris v. Horn*, 219 P.3d 198, 203-04 (Alaska 2008) (quoting *Collins v. Arctic Builders*, 957 P.2d 980, 981 (Alaska 1998)).

clearly err because the direct and circumstantial evidence supports the court's finding that DeRemer received the final decision at that time. DeRemer alleged that he did not get a copy of the final decision, while at the same time including one with his late appeal. This discrepancy could have been explained had there been a request for a copy in the prison record, but no such request was recorded. Also, DeRemer was inconsistent regarding the date that he claims he asked for a copy of the decision, and he did not keep his copy of the request. DeRemer initially alleged that he had not received a copy of the sanctions memorandum either.

As the State correctly points out, for DeRemer's account to be true, the correctional facility must have failed to serve him with the final decision and also failed to enter his request in his file. Given DeRemer's failure to remember he received the sanctions memorandum, his inconsistencies regarding the date he claims he asked for a copy of the final decision, the lack of a request in the prison record, and his possession of the final decision, the superior court's finding that he received the final decision on October 6, 2011 — the same day he signed the corresponding sanctions memorandum — is not clearly erroneous. "[T]he superior court necessarily had to choose between directly contradictory assertions of fact and, apparently, found [the State's] position better supported by the evidence."[7] Given the ample supporting evidence in the record, the superior court did not clearly err in making its finding.

## B. The Superior Court Did Not Abuse Its Discretion When It Declined To Relax The Filing Deadline.

DeRemer only made one argument to the superior court and on appeal: that it was an abuse of discretion to deny his motion because the 30-day appeal deadline never began to run. But this argument became irrelevant once it was established that he

---

[7] *Parker v. N. Mixing Co.*, 756 P.2d 881, 892 (Alaska 1988).

received the final decision triggering the 30-day appeal deadline on October 6, 2011. And, as the State points out, DeRemer put forth no other explanation for his tardiness. Thus, DeRemer's appeal was 50 days late without explanation.[8] The superior court did not abuse its discretion in declining to relax the filing deadline.

## V.  CONCLUSION

We AFFIRM the decision of the superior court.

---

[8]  DeRemer received the final decision on October 6, 2011, and the 30-day period expired on November 7, 2011. *See* Alaska R. App. P. 502(a) ("[T]he day of the act, event, or default from which the designated period of time begins to run is not to be included. The last day of the period is to be included, unless it is a Saturday, Sunday, or legal holiday, in which event the period runs until the end of the next day which is not a Saturday, Sunday, or legal holiday.").

*1490*