Carol W. GÉCZY, Appellant,

v.

STATE of Alaska, DEPARTMENT OF NATURAL RESOURCES, Appellee.

No. S–6814.

Supreme Court of Alaska.

Sept. 27, 1996.

Carol W. Géczy, Anchorage, pro se.

Robert C. Nauheim, Assistant Attorney General, Anchorage, and Bruce M. Botelho, Attorney General, Juneau, for Appellee.

Before COMPTON, C.J., and RABINOWITZ, MATTHEWS, EASTAUGH and FABE, JJ.

### OPINION

COMPTON, Chief Justice.

## I. INTRODUCTION

Carol Géczy appeals a decision of the superior court declining to reinstate her appeal of a decision by the Department of Natural Resources (DNR) denying her application for a grazing lease on East Sitkinak Island. We affirm.

## II. FACTS AND PROCEEDINGS

In 1960 the Federal Bureau of Land Management (BLM) issued a fifteen-year grazing lease to Trinity Island, Inc., (Trinity) for BLM land on East Sitkinak Island. BLM cancelled the lease in July 1973 due to Trinity's failure to meet cattle stocking requirements and its failure to pay rent.

Géczy claims to have purchased the leasehold from Trinity in 1971. In August 1973 Géczy notified BLM of the lease assignment. BLM rejected the assignment, but agreed to grant Géczy a new, one-year lease. This lease was renewed in 1974 and 1975.

In 1975 BLM transferred the land in question to the State. Thereafter, DNR renewed Géczy's lease on a year-to-year basis. In 1978 Géczy filed an application for a new lease. That application was eventually denied in 1986. In 1986 and 1987 DNR issued Géczy one-year land-use permits. In 1988 Géczy filed another leasehold application. DNR denied the application in July 1993.

Géczy appealed this decision to the superior court and contemporaneously moved for permission to appeal at public expense. The superior court ordered the State to pay filing fees and the cost of the appeal bond. Géczy thereafter moved for an order requiring the State to pay for the preparation of the record. On January 5, 1994, the superior court denied the motion, stating that the cost of preparing the record "has not been shown to be more than appellant can pay without undue hardship." The court indicated that Géczy could obtain the record at public expense if she presented evidence of her income, assets and debts, and of the cost of

preparing the record. Géczy did not respond to this invitation. On January 28 the superior court issued notice that the appeal would be dismissed on February 10 if Géczy did not make arrangements to transmit the record to the superior court. On February 22 the superior court dismissed the appeal.

In November 1994 Géczy moved to reinstate the appeal. Géczy argued that she should be excused from not acting promptly because she had "health problems and was financially unable to pay for additional typing and paralegal services needed to seek relief from the dismissal." The superior court denied this motion; Géczy appeals.

## III. DISCUSSION

Alaska Appellate Rule 511.5, which governs Géczy's appeal to the superior court, see Alaska R.App. P. 606(a), allows the superior court to dismiss an appeal for want of prosecution:

> If an appellant ... fails to comply with these rules, the clerk shall notify the appellant ... in writing that the appeal will be dismissed for want of prosecution unless the appellant remedies the default within 14 days after the date of notification.... If the appellant fails to comply within the 14–day period, the clerk shall issue an order dismissing the appeal for want of prosecution. In no case, except by order of the court on a motion to reinstate the appeal, shall the appellant be entitled to remedy the default after the appeal has been dismissed under this rule.

Alaska R.App. P. 511.5(a). The superior court complied with this rule by notifying Géczy that her appeal would be dismissed if she did not transmit the record. The superior court also informed Géczy that it would consider her request that the State pay for preparation of the record if she were to present evidence of her income, assets and debts, and of the cost of preparing the record. Géczy did not respond to this proposal, nor did she respond to the order requiring her to transmit the record.

The rules of appellate procedure may be "relaxed or dispensed with ... where a strict adherence to them will work surprise or injustice." Alaska R.App. P. 521. While it is true that dismissal may prejudice Géczy, she has not shown how dismissal of her appeal will work a "surprise" or "injustice." She was given notice of the possibility of dismissal, as well as guidance as to what she had to do to avoid dismissal. Géczy cites "health problems" for her failure to comply with the court's order. Nonetheless, Géczy has not explained how these problems prevented her from providing the court with the information it requested, or, at the very least, how they prevented her from asking for more time to respond. What she characterizes as a grave injustice is as easily characterized as a lack of diligence. The superior court did not abuse its discretion in dismissing the appeal, or in refusing to reinstate it. See Cowitz v. Alaska Workers' Comp. Bd., 721 P.2d 635, 638 n. 2 (Alaska 1986) (reviewing superior court's dismissal of administrative appeal for lack of prosecution under Rule 511.5 for abuse of discretion).

AFFIRMED.