Edward K. **METCALF**, Appellant,

v.

**FELEC SERVICES, and Cigna Insurance Companies, Appellees.**

No. S–7884.

Supreme Court of Alaska.

June 6, 1997.

---

Edward K. Metcalf, Anchorage, pro se.

James E. Hutchins, Faulkner, Banfield, Doogan & Holmes, Anchorage, for Appellees.

Before COMPTON, C.J., and MATTHEWS, EASTAUGH and BRYNER, JJ.

## OPINION

EASTAUGH, Justice.

### I. INTRODUCTION

We must decide whether it was error to dismiss Edward Metcalf's superior court workers' compensation appeal under authority of Appellate Rule 511.5 because Metcalf failed to timely file his opening superior court brief. We reverse.

### II. FACTS AND PROCEEDINGS

Metcalf appealed from the September 29, 1995, decision and order of the Alaska Workers' Compensation Board. His opening superior court brief was originally due February 1, 1996. Metcalf timely moved for a six-month extension of time in which to submit his opening brief; if granted, his motion would have extended the filing date to August 1, 1996. Superior Court Judge Dana Fabe granted Metcalf a ninety-day extension. His brief was thus due May 1. Metcalf, who was pro se, moved to "amend" the extension order to obtain the full six months he had requested. Superior Court Judge John Reese denied the motion to "amend" and later denied Metcalf's further motion for permission to file his brief July 31. On May 28 the appellees moved pursuant to Appellate Rule 511.5 to dismiss Metcalf's appeal because he had not filed his brief.[1]

On July 31 Metcalf tendered his opening brief to the superior court, where it was lodged.

On August 15 Judge Reese granted the appellees' motion to dismiss; he later denied Metcalf's timely motion for reconsideration. Alaska R. Civ. P. 77(k)(4).

Metcalf alleged that permanent disability caused by a brain concussion (suffered in the industrial accident which is the subject of his workers' compensation claim) justified extending the time in which to file his opening brief. He also alleged that he has to spend eighteen hours a day in bed or resting and can be up for only three two-hour periods daily without getting bad headaches, that the stress of preparing one of his supreme court briefs permanently disabled his digestive system and gave him a skin condition, and that stress caused by intensive work on his appeal briefs caused internal bleeding in his digestive system. There is substantial doubt about Metcalf's credibility, given findings by the Alaska Workers' Compensation Board in its September 29, 1995, decision and order that he is "not a credible witness" and that he "could work for more than six hours in a day if he wanted." Nonetheless, the validity

---

1. Alaska Rule of Appellate Procedure 511.5 provides:

   (a) If an appellant or an appellant's counsel fails to comply with these rules, the clerk shall notify the appellant and the appellant's counsel in writing that the appeal will be dismissed for want of prosecution unless the appellant remedies the default within 14 days after the date of notification, time to be computed in accordance with Rule 502(c). If the appellant fails to comply within the 14-day period, the clerk shall issue an order dismissing the appeal for want of prosecution. In no case, except by order of the court on a motion to reinstate the appeal, shall the appellant be entitled to remedy the default after the appeal has been dismissed under this rule.

   (b) The dismissal of an appeal under subsection (a) shall not limit the authority of the court to impose monetary sanctions under Rule 510.

   (c) The court may, upon motion of a party or its own motion, dismiss an appeal for failure to comply with these rules, whether or not prior notice of default has been given.

   Appellate Rule 511.5 is made applicable to superior court appeals by Appellate Rule 606(a).

of these findings was one of the topics Metcalf attempted to address in his superior court appeal. This topic was actually discussed in the opening brief he lodged with the superior court July 31, 1996.[2]

## III. DISCUSSION

█ This court reviews a superior court's dismissal of an appeal from an administrative agency decision for lack of prosecution under Appellate Rule 511.5 for abuse of discretion. *Geczy v. State, Dep't of Natural Resources*, 924 P.2d 103, 104 (Alaska 1996) (citing *Cowitz v. Alaska Workers' Compensation Bd.*, 721 P.2d 635, 638 n. 2 (Alaska 1986)). An abuse of discretion will be found only when a decision is "arbitrary, capricious, manifestly unreasonable, or . . . stems from an improper motive." *Sheehan v. University of Alaska*, 700 P.2d 1295, 1297 (Alaska 1985) (citations omitted).

█ We conclude that it was an abuse of discretion to grant the motion to dismiss under Appellate Rule 511.5 despite Metcalf's failure to file his brief timely. Even though Metcalf unquestionably failed to timely file the brief per the controlling extension order, the superior court had actually received the brief more than two weeks before it entered the dismissal order. The excuse tendered by Metcalf—his continuing work-related disability—was interrelated with substantive appellate issues he was attempting to raise. If it was true that he had suffered a permanent disability and that he slept eighteen hours a day, substantial justification for further extension of time was demonstrated by this pro se litigant. We also note that Felec Services and Cigna Insurance Companies, in moving to dismiss, made no showing that they would be prejudiced by the filing delay. For example, appellees did not demonstrate that the delay would hamper their ability to controvert Metcalf's claim on its merits. Given that the brief had already been lodged and that appellees demonstrated no prejudice, the harsh remedy of dismissal could be justified only if there had been some controlling principle, such as a need to punish the wrongdoer, deter like conduct, preserve the integrity of the fact finding process, or protect the dignity of the court. The superior court identified no such justification. The failure to abide by the court's extension order might well have justified imposition of some sanction, and had appellees demonstrated that they incurred unnecessary costs, some appropriate remedy might have been fashioned. Those circumstances themselves, however, would not justify complete dismissal of Metcalf's appeal. We also note that there is no reason to think delay worked in Metcalf's favor, such that only dismissal could prevent Metcalf from using delay to his benefit. The record does not suggest that the court considered, and rejected as ineffective, any less extreme sanction or remedy.[3] *Cf. Underwriters at Lloyd's London v. Narrows*, 846 P.2d 118 (Alaska 1993) (setting aside default judgment imposed as sanction for defendant's discovery violation where the trial court failed to consider the effectiveness of any lesser sanction).

## IV. CONCLUSION

For these reasons, the order of dismissal is VACATED and the matter is REMANDED to the superior court for further proceedings. This court's order of February 19, 1997, staying the superior court's consideration of the cross-appeal, is VACATED.

FABE, J., not participating.

---

2. Because there is a pending superior court cross-appeal, we considered Metcalf's appeal on an expedited basis. We stayed the superior court cross-appeal pending resolution of Metcalf's appeal in this court. We are ruling on the basis of the record below, including the appellees' superior court motion to dismiss, their opposition to Metcalf's supreme court motion to docket this appeal, and their opposition to Metcalf's motion for full court reconsideration of a single justice order denying Metcalf's motion to docket this appeal.

3. One such remedy might have been accelerating or limiting any oral argument, or, in the event Metcalf prevailed, denying him costs. The potential ineffectiveness of other remedies is mirrored in the ineffectiveness of dismissal: Metcalf's exercise of his right to appeal the dismissal has substantially added to the delay. This case would be closer to final resolution if the superior court had accepted Metcalf's brief and considered the appeal and cross-appeal on their merits.

BRYNER, Justice, dissenting.

I find myself unable to agree with this court's reversal of the superior court's order dismissing Metcalf's appeal.

Metcalf received an adverse ruling from the Workers' Compensation Board and filed an appeal in the superior court. After being notified of the due date for his opening brief, he moved for a six-month extension. The extension would have changed the due date from February 1, 1996, to July 31. To justify this extraordinary delay, Metcalf advanced a conclusory assertion that a 1982 head injury required him to sleep eighteen hours a day and made it impossible for him to file the brief within the normal time frame. Metcalf did not substantiate his claims of mental incapacity and physical impairment, and he made no effort to explain why an extension of less than six months would not have sufficed. Despite these shortcomings—and over Felec's opposition—the superior court granted Metcalf a ninety-day extension to May 31. The court expressly warned Metcalf, however, that "no further extensions will be granted."

Metcalf almost immediately began trying to circumvent the court's "no further extensions" order. Twelve days after the court granted Metcalf the ninety-day extension, he filed a "Motion for an Amendment to ... [the] Order Granting a 90 Day Extension." In this motion, Metcalf sought to "amend" the ninety-day extension order by extending it to cover the full period of delay originally requested. To support the motion, Metcalf repeated the same conclusory claims that he had advanced in his motion for a six-month extension; he offered no further insight into why the just-granted ninety-day extension was insufficient.

The superior court understandably rejected Metcalf's attempt at an "amendment." Undeterred, Metcalf, on April 8, 1996, filed a "Motion to Accept a Late File on July 31, 1996[.]" The "late file" date Metcalf request-

ed was, again, the date on which his brief would have been due had his originally requested six-month extension been allowed. And again, Metcalf made no attempt to substantiate the need for a six-month extension; he simply asserted that he had already shown that the extension was necessary.

The superior court denied Metcalf's "late file" motion. The briefing deadline passed with no brief being filed. On May 29, Felec moved to dismiss the appeal. Within several days, Metcalf filed an opposition to the motion. The superior court took no immediate action. On July 31, the date designated in his original extension motion, Metcalf filed his brief, offering no further justification or explanation.

Felec moved to strike the brief as ninety days overdue. Metcalf promptly opposed the motion, but once again offered nothing new. On August 15, 1996, the superior court granted Felec's motion to dismiss the appeal, finding it "well taken." Metcalf thereafter appealed to this court, seeking to litigate the merits of the Workers' Compensation Board's decision. This court allowed the appeal to proceed, but ordered it limited to the issue of whether the superior court erred in dismissing the case; we directed that this issue be considered on an expedited basis and without briefing. This court now concludes that the superior court erred in ordering dismissal. I disagree.

Admittedly, an untimely brief should rarely provide occasion for dismissal. As the court aptly observes, the dismissal for untimeliness in this case seems particularly harsh because it was ordered after the untimely brief had already been filed.[1] However, Metcalf's case presents exceptional circumstances.

Metcalf has been litigating this case for seventeen years and has pressed his claims through seven decisions by the Workers' Compensation Board and two prior decisions

---

1. This harshness may be more seeming than real. By waiting to dismiss the case until after the originally-requested six-month deadline had passed and Metcalf had filed his brief, the superior court in effect allowed Metcalf one last opportunity to substantiate his claim of impairment and explain his need for a full six months. When

Metcalf failed to offer any additional justification for his dilatory filing, the court dismissed the case. To fault the court for waiting under these circumstances will only encourage judges to act precipitously in dismissing administrative appeals involving tardy briefing.

by this court. In the past, the Board has found Metcalf responsible for delaying the litigation—a finding expressly affirmed by this court in *Metcalf v. Felec Servs.*, Mem. Op. & J. No. 662 (Alaska, April 21, 1993). The Board has also found Metcalf responsible for unreasonably refusing to undertake appropriate medical treatment—a finding likewise affirmed by this court. *See Metcalf v. Felec Servs.*, 784 P.2d 1386, 1388 (Alaska 1990). Most recently, the Board has found Metcalf's claims of impairment to be incredible—a finding Metcalf has not appealed.

Metcalf's history of litigiousness and procrastination, his apparent lack of credibility before the Board, his failure to submit any meaningful substantiation of his claim of impairment, his failure to offer even a semblance of an explanation for his purported inability to file a brief within the ninety-day extension actually allowed, his promptness in responding to adverse orders and motions, and his resourceful but transparent attempts to end-run the superior court's order barring any further extensions all belie Metcalf's claims of mental incompetency and physical impairment; these same considerations bespeak Metcalf's wilfulness in disregarding the superior court's scheduling orders, and his obstinate insistence on having his own way.

The order dismissing Metcalf's case should be overturned only if the superior court abused its discretion. *See Geczy v. State, Dep't of Natural Resources*, 924 P.2d 103, 104 (Alaska 1996). Given the exceptional nature of this case, I am unable to find an abuse of discretion. Unlike the court, I do not view the dismissal order as a purely punitive measure.[2] The superior court is a high-volume forum in which efficient case management and integrity of scheduling orders are matters of keen interest and paramount importance. Under the unique circumstances presented here, acceptance by the superior court of Metcalf's late-filed brief

would have been tantamount to an abdication of that court's authority to manage its own caseload. This court's decision does little but send litigants like Metcalf an unmistakable signal to litigate at their own pleasure.

Accordingly, I dissent.

---

2. For this reason, I do not believe that an exploration of lesser sanctions was required, as the court suggests. In any event, the lack of any exploration of lesser sanctions seems inconsequential, in context. Metcalf has no significant financial resources and would thus be impervious to any form of monetary sanction. And given that this was an administrative appeal, it did not lend itself to any of the lesser procedural and evidentiary sanctions that are normally available in civil cases that are awaiting trial or being tried. The court suggests no lesser sanctions that could realistically have been considered or applied in this case.