NOTICE

*Memorandum decisions of this court do not create legal precedent. A party wishing to cite such a decision in a brief or at oral argument should review Alaska Appellate Rule 214(d).*

# THE SUPREME COURT OF THE STATE OF ALASKA

FRANKLIN C. GAMBOA, )
)   Supreme Court No. S-15995
Appellant, )
)   Superior Court No. 3AN-14-07675 CI
v. )
)   MEMORANDUM OPINION
ALASKA HOUSING FINANCE )   AND JUDGMENT*
CORPORATION, )
)   No. 1638 – June 28, 2017
Appellee. )
)

Appeal from the Superior Court of the State of Alaska, Third Judicial District, Anchorage, Mark Rindner, Judge.

Appearances: Franklin C. Gamboa, pro se, Anchorage, Appellant. Jonathan P. Clement, Assistant Attorney General, Anchorage, and Jahna Lindemuth, Attorney General, Juneau, for Appellee.

Before: Stowers, Chief Justice, Winfree, Maassen, Bolger, and Carney, Justices.

## I.    INTRODUCTION

The superior court denied an indigent plaintiff publicly funded counsel in his appeal of an Alaska Housing Finance Corporation administrative grievance proceeding. After granting him several extensions to file an opening brief, the superior

---

\*      Entered under Alaska Appellate Rule 214.

court also dismissed his appeal for lack of prosecution.  Because the superior court did not abuse its discretion by taking these actions, we affirm the dismissal of the appeal.

## II.    FACTS AND PROCEEDINGS

In August 2012 Franklin Gamboa sued Alaska Housing Finance Corporation (AHFC) in superior court over changes to his housing subsidy.  Gamboa sought representation from Alaska Legal Services Corporation but was denied because of his failure to exhaust administrative remedies.  The court dismissed the case in order for Gamboa to first pursue his claims through AHFC's internal grievance procedure.  When this process did not result in the outcome Gamboa wanted, he filed an appeal in superior court.

When he returned to court, however, Gamboa failed to file an opening brief despite being given almost four months to do so.  On March 9, 2015, Gamboa was told he had 30 days to file an opening brief.  He was initially granted an extension to April 24.  He then requested an additional 15-day extension, and the superior court instead granted him an extension of about seven weeks to June 15, adding that "[n]o further extensions are allowed."  On June 5 Gamboa requested that the court appoint an attorney to represent him, citing the complicated nature of the case, his age and health issues, and his lack of legal expertise.  AHFC opposed the motion, and the superior court denied it, determining that "Gamboa's administrative appeal claim does not merit publicly-funded counsel under the *Mathews v. Eldridge*[1] balancing test."

Pursuant to Alaska Appellate Rule 511.5, the superior court then gave Gamboa a notice of dismissal of his appeal on June 18, stating that the appeal would "be dismissed for want of prosecution" unless he filed a brief by July 6, effectively granting him an additional three-week extension.  Gamboa moved to reconsider the notice, but

---

[1]    424 U.S. 319 (1976).

on June 26 the court denied the motion and repeated its warning that "[i]f the brief is not filed by July 6, 2015 the Appeal will be dismissed." On July 7 the court dismissed the case because no brief had been filed.

This appeal followed.[2] Gamboa is still self-represented. We allowed the case to proceed with only an appellee's brief and an appellant's reply brief, and — based on Gamboa's statement of points on appeal — we limited the issues on appeal to whether "the superior court abused its discretion by not providing Gamboa (1) adequate procedural advice on how to obtain an attorney to represent him, given his indigence, or (2) sufficient time to file an opening brief, given his inability to obtain an attorney, the complexity of the issues and the voluminous record, and his multiple health and disability issues."

---

[2] We "review[] a superior court's dismissal of an appeal from an administrative agency decision for lack of prosecution under Appellate Rule 511.5 for abuse of discretion," which "will be found only when a decision is 'arbitrary, capricious, manifestly unreasonable, or . . . stems from an improper motive.' " *Metcalf v. Felec Servs.*, 938 P.2d 1023, 1025 (Alaska 1997) (first citing *Géczy v. State, Dep't of Nat. Res.*, 924 P.2d 103, 104 (Alaska 1996); then quoting *Sheehan v. Univ. of Alaska*, 700 P.2d 1295, 1297 (Alaska 1985)). Similarly, "[w]e review for abuse of discretion a trial court's decisions concerning whether to inform a pro se litigant of the specific defects in a pleading and whether to provide an opportunity to remedy those defects." *Genaro v. Municipality of Anchorage*, 76 P.3d 844, 845 (Alaska 2003) (citing *Collins v. Arctic Builders*, 957 P.2d 980, 982 (Alaska 1998)).

## III. DISCUSSION

### A. The Superior Court Was Not Required To Provide Gamboa Procedural Advice On How To Obtain An Attorney.

"In cases involving pro se litigants, courts relax some procedural requirements. We have defined duties for both judges and the pro se litigants in such cases."[3] We expect a pro se litigant "to make a good faith attempt to comply with judicial procedures and to acquire general familiarity with and attempt to comply with the rules of procedure."[4] But "the trial judge should inform a pro se litigant of the proper procedure for the action he or she is obviously attempting to accomplish."[5] Here what Gamboa apparently was trying to accomplish was to have "the court appoint an [a]ttorney to represent [him]."

We note at the outset that Gamboa's case does not fall within one of the previously recognized categories of civil cases that trigger a right to counsel,[6] and we

---

[3]    *Kaiser v. Sakata*, 40 P.3d 800, 803 (Alaska 2002).

[4]    *Id.* (first citing *Wright v. Black*, 856 P.2d 477, 480 (Alaska 1993), *overruled on other grounds by B.E.B. v. R.L.B.*, 979 P.2d 514 (Alaska 1999); then citing *Bauman v. State, Div. of Family & Youth Servs.*, 768 P.2d 1097, 1099 (Alaska 1989)).

[5]    *Breck v. Ulmer*, 745 P.2d 66, 75 (Alaska 1987).

[6]    *See Bustamante v. Alaska Workers' Comp. Bd.*, 59 P.3d 270, 272, 274 (Alaska 2002) (listing termination of parental rights, child custody, paternity, and civil contempt proceedings as the types of cases triggering a civil right to counsel and noting that "we review for an abuse of discretion" the "decision to appoint counsel for a civil litigant"). In addition, we agree with the superior court that "Gamboa's administrative appeal claim does not merit publicly-funded counsel under the *Mathews v. Eldridge* balancing test," which we have adopted when determining whether due process requires the appointment of public counsel in civil cases. *See Dennis O. v. Stephanie O.*, 393 P.3d 401, 406-07 (Alaska 2017).

decline to recognize a new category on these facts. The superior court properly denied Gamboa's request under our precedent.

Furthermore, even if we construe Gamboa's request more broadly — i.e., as a request for assistance obtaining a free attorney from any source — it is apparent from the record that Gamboa knew where to go for such legal services. Gamboa conceded that he had previously sought representation from Alaska Legal Services Corporation and been denied. He did not appear to require or ask for procedural advice on how to obtain an attorney until his statement of points on appeal in this court so there was no way for the superior court to consider the issue.[7] And the superior court was not otherwise on notice of Gamboa's alleged need for advice on the proper procedure for finding an attorney. Because Gamboa was not obviously trying to retain an attorney independently or in need of advice on how to do so, it was reasonable for the superior court not to provide such advice.

**B.      The Superior Court Provided Gamboa Sufficient Time To File An Opening Brief.**

Under Appellate Rule 511.5(a),[8] a court may dismiss an appeal for want of prosecution if the appellant fails to comply with the rules after being provided notice and an opportunity to cure the defect:

> If an appellant . . . fails to comply with [the appellate] rules, the clerk shall notify the appellant . . . in writing that the appeal will be dismissed for want of prosecution unless the appellant remedies the default within 14 days . . . . If the

---

[7]      *Cf. Pieper v. Musarra*, 956 P.2d 444, 446 (Alaska 1998) (calling "limited" the leeway given to a self-represented litigant because "the requirement that an issue be preserved by being presented in the superior court arises out of notions of judicial finality and efficiency, as well as fairness to the opposing party").

[8]      *See* Alaska R. App. P. 606(a) ("Dismissal of appeals by the superior court . . . is governed by Rule 511.5.").

> appellant fails to comply within the 14-day period, the clerk shall issue an order dismissing the appeal . . . .

Here Gamboa's brief was originally due in early April. In late May the superior court granted Gamboa an extension to mid-June and told him that "[n]o further extensions are allowed." Shortly after Gamboa missed the June deadline — more than two months after his brief was initially due — the superior court gave Gamboa notice pursuant to Rule 511.5 that his appeal would be dismissed for want of prosecution unless he filed a brief by July 6. On June 26 the court again warned Gamboa that his appeal would be dismissed if he did not file a brief by July 6. Gamboa failed to file a brief, and the superior court dismissed his case on July 7.

This dismissal is consistent with our precedent. We have previously held that the superior court abused its discretion in dismissing the administrative appeal of a self-represented litigant when the litigant failed to file a statement of points on appeal but otherwise complied with the appellate rules after being warned by the court.[9] In another case we reversed the superior court when the litigant filed a brief, albeit untimely, two weeks before the superior court entered its dismissal order.[10] The litigants in both cases "ma[d]e a good faith attempt to comply with judicial procedures," and thus were entitled to leniency under our precedent.[11] But litigants who fail to make such an attempt "may be denied the leniency otherwise afforded pro se litigants."[12]

---

[9] *Collins v. Arctic Builders*, 957 P.2d 980, 981-82 (Alaska 1998).

[10] *Metcalf v. Felec Servs.*, 938 P.2d 1023, 1025 (Alaska 1997).

[11] *Kaiser v. Sakata*, 40 P.3d 800, 803 (Alaska 2002) (citing *Wright v. Black*, 856 P.2d 477, 480 (Alaska 1993), *overruled on other grounds by B.E.B. v. R.L.B.*, 979 P.2d 514 (Alaska 1999)).

[12] *Id.* (citing *Noey v. Bledsoe*, 978 P.2d 1264, 1270 (Alaska 1999)).

Here Gamboa was allowed almost four months to file his opening brief, yet he completely failed to do so. Furthermore, the superior court's warnings to Gamboa that his case would be dismissed "could not have been clearer."[13] The court warned Gamboa that it would not allow further extensions after granting the second one, then warned Gamboa two more times that his appeal would be dismissed if he did not file a brief before the Rule 511.5(a) deadline. Gamboa claims that his age and health problems, the complicated nature of the case, and his lack of legal expertise meant he needed an attorney to assist him, but he has not explained how these issues prevented him from making a good faith attempt to file even a defective brief in the superior court.[14]

Appellate Rule 521 allows the rules to be "relaxed or dispensed with by the appellate courts where a strict adherence to them will work surprise or injustice."[15] But we have previously held that it was not an abuse of discretion for the superior court to determine that a plaintiff's health problems did not amount to the requisite "surprise or injustice" when she "ha[d] not explained how these problems prevented her from providing the court with the information it requested."[16] The facts support the same conclusion here. Therefore, the superior court did not abuse its discretion by declining to grant Gamboa more time to file his opening brief.

---

[13]     *Id.* at 804.

[14]     Gamboa cannot now raise his substantive claims in his reply brief before this court. *See Sengupta v. Univ. of Alaska*, 139 P.3d 572, 580 n.31 (Alaska 2006) ("We deem arguments raised for the first time in a reply brief to have been waived.").

[15]     *See, e.g., Husseini v. Husseini*, 230 P.3d 682, 686 (Alaska 2010) (invoking Rule 521 where "it would [have] be[en] unjust and unrealistic to expect a pro se litigant to have . . . ma[d]e a timely appeal").

[16]     *Géczy v. State, Dep't of Nat. Res.*, 924 P.2d 103, 104 (Alaska 1996).

## IV.   CONCLUSION

For the reasons explained above, we AFFIRM the dismissal of Gamboa's appeal.