NOTICE

*Memorandum decisions of this court do not create legal precedent. A party wishing to cite such a decision in a brief or at oral argument should review Alaska Appellate Rule 214(d).*

THE SUPREME COURT OF THE STATE OF ALASKA

HERBERT D. JOHNSON, )
)   Supreme Court No. S-17911
            Appellant, )
)   Superior Court No. 3AN-18-09509 CI
      v. )
)   MEMORANDUM OPINION
STATE OF ALASKA, CHILD SUPPORT )      AND JUDGMENT*
SERVICES DIVISION, )
)   No. 1862 – December 1, 2021
            Appellee. )
)

Appeal from the Superior Court of the State of Alaska, Third Judicial District, Anchorage, Andrew Guidi, Judge.

Appearances: Herbert D. Johnson, pro se, Wasilla, Appellant. Nelleene A. Boothby, Assistant Attorney General, Anchorage, and Treg R. Taylor, Attorney General, Juneau, for Appellee.

Before: Winfree, Chief Justice, Maassen, Borghesan, and Henderson, Justices. [Carney, Justice, not participating.]

I.    INTRODUCTION

The Child Support Services Division (CSSD) notified a father that it was withholding his Permanent Fund Dividend (PFD) because he was behind on his child support obligations. The father contested the withholding, but upon review CSSD maintained its decision. The father then appealed to the superior court, but the court

_____

*    Entered under Alaska Appellate Rule 214.

eventually dismissed the appeal for lack of prosecution. Almost one year later, the father filed motions to reopen the case. The superior court denied those motions and a subsequent motion for reconsideration, and the father appeals. Because the superior court acted within its discretion by denying the father's motions to reopen his case and reinstate his appeal, we affirm.

## II.    FACTS AND PROCEEDINGS

Herbert Johnson is the father of two children born to M.B. and one child born to O.J.[1] CSSD ordered Johnson to pay monthly child support to both mothers in separate administrative cases. In August 2018 CSSD notified Johnson that it was withholding his PFD because he was "delinquent in child support payments." The notice referenced the case number for his obligation to O.J. but did not contain the mother's name. The notice explained that if Johnson wanted to contest CSSD's withholding decision, he could do so by demonstrating that the withholding was "improper due to a mistake of fact." The notice also informed Johnson that he must "give a specific reason" for his objection and "attach any documents . . . that support [his] case."

Johnson requested review from CSSD, but his objections and attached documents applied to the M.B. case instead of the O.J. case. Noting the irrelevant documentation, CSSD rejected Johnson's review request because he failed to prove the withholding was "improper due to a mistake of fact."

Johnson appealed CSSD's decision to the superior court. He submitted his opening brief on March 4, 2019, but repeatedly failed to serve the brief on CSSD's

---

[1]    We use initials for the mothers to protect their identities.

attorney. The court issued multiple orders that Johnson serve CSSD's attorney, including instructions about how to serve his brief, and the court warned that failure to serve could result in dismissal. When Johnson still had not served his brief on CSSD as of June 27, 2019, the court dismissed the appeal for failure to prosecute.

Ten months later Johnson filed a motion to reopen the case and reinstate his appeal, attaching new documents. The superior court denied this motion, reasoning that Johnson had not presented the evidence to CSSD and "[n]ew evidence cannot be considered on appeal." The court also noted that the request was untimely.

Johnson filed a second motion to reopen several months later. The court denied this motion, explaining that no good cause had been shown for Johnson's prior failure to serve his brief or for the delay since dismissal.

Johnson then filed a motion for reconsideration but again did not explain or justify the failure to serve his brief that had led to dismissal of his case. The superior court denied this motion as well.

Johnson appeals[2] the superior court's orders declining to reinstate his administrative appeal of CSSD's withholding decision.[3]

---

[2] Though the appeal is technically noticed as an appeal from the denial of Johnson's motion to reconsider, it is apparent that Johnson is attempting to appeal the orders denying his motions to reopen, and we exercise our discretion to relax the procedural rules to address these claims. *See* Alaska R. App. P. 521; *Noey v. Bledsoe*, 978 P.2d 1264, 1270 (Alaska 1999) ("[P]ro se litigants who make good faith efforts to comply with court rules should not be held to strict procedural requirements."). We do not, however, reach the merits of the superior court's dismissal of Johnson's administrative appeal, which occurred almost sixteen months prior to Johnson's filing of his Notice of Appeal.

[3] Johnson's opening brief focuses primarily on the merits of CSSD's initial withholding decision. The scope of our review is limited to the superior court's orders declining to reinstate Johnson's appeal, so we are unable to address these arguments.

(continued...)

## III.  STANDARD OF REVIEW

Rulings on whether to reinstate an administrative appeal are reviewed for an abuse of discretion,[4] and we will reverse only if "the reasons for the exercise of discretion are clearly untenable or unreasonable."[5]

## IV.  DISCUSSION

We conclude that the superior court acted within its discretion when it denied Johnson's motions to reopen his case and reinstate his appeal.  Johnson's motions were filed long after the dismissal of his appeal, and they ignored entirely the reasons that his appeal was dismissed.  None of Johnson's post-dismissal motions showed good cause for, or even attempted to explain, his repeated failure to serve his opening brief on CSSD's attorney.  Johnson also failed to explain the extreme delay in filing his motions to reopen.  Given those failures, the superior court did not abuse its discretion by declining to reinstate Johnson's appeal.[6]

---

[3]        (...continued)
While not within the scope of our review, we note that Johnson may be able to address arguments related to his ongoing child support obligation elsewhere.  For example, he may be able to petition CSSD or the court to modify future periodic support payments if his income has significantly decreased due to circumstances outside his control.  *See* AS 25.27.190.  Johnson also raises new arguments in his reply brief, but we do not consider them.  "[O]ur well-established rule that issues not argued in opening appellate briefs are waived . . . applies equally to pro se litigants" because "the failure to raise an argument in an opening brief leaves the other party with no notice or opportunity to respond to the argument."  *Hymes v. DeRamus*, 222 P.3d 874, 887-88 (Alaska 2010).

[4]        *See Geczy v. State, Dep't of Nat. Res.*, 924 P.2d 103, 104 (Alaska 1996) (citing *Cowitz v. Alaska Workers' Comp. Bd.*, 721 P.2d 635, 638 n.2 (Alaska 1986)).

[5]        *Burke v. Maka*, 296 P.3d 976, 980 (Alaska 2013).

[6]        *See, e.g.*, *Geczy*, 924 P.2d at 103-04 (affirming dismissal of administrative
(continued...)

Moreover, by denying Johnson's motions to reopen, the superior court accurately identified that Johnson appeared to be relying on information that had never been presented to CSSD and thus was outside the administrative record. In administrative appeals the superior court generally may consider only evidence that was before the agency.[7] Johnson was required to "state the specific reasons for [his] contest" and include any relevant documents in his original request for CSSD to review its withholding decision.[8] Because Johnson's motions to reopen and subsequent motion for reconsideration were based upon new information that had not yet been presented to CSSD and was not within the administrative record, the superior court's denial of those motions was not an abuse of discretion.

V.    **CONCLUSION**

We AFFIRM the superior court's orders declining to reinstate Johnson's administrative appeal.

---

[6]    (...continued)
appeal and denial of motion to reinstate appeal after appellant failed to meet procedural requirements in advancing appeal and failed to adequately explain lack of prosecution in request to reinstate appeal filed nine months after dismissal).

[7]    *See* Alaska R. App. P. 604(b)(1)(A); *Pacifica Marine, Inc. v. Solomon Gold, Inc.*, 356 P.3d 780, 793-94 (Alaska 2015).

[8]    15 Alaska Administrative Code 125.410(c) (2013).